WILLIAM BRADBURY AND ANOTHER v. NATHANIEL REED.

A bidder at an administrator's sale of land or negroes, to whom the property is struck off, is not in default for failing to comply with the terms of sale, and cannot be held liable, in an action against him for the difference between his bid and the price at which the administrator resold the property at public sale, and for five per cent. on the amount of his bid (O. & W. Dig. Art. 779, p. 184,) unless the Probate Court, has by its decree, confirmed the first sale, and ordered a conveyance to be made to the purchaser.

A fact essential to be established, in order to make out the plaintiff's case, and to entitle him to recover, is not admitted by a demurrer to evidence, when there is no testimony conducing in any degree to prove it.

APPEAL from Austin. Tried below before the Hon. James H. Bell.

GALVESTON, 1859. 259

Bradbury v. Reed.

This suit was brought by William Bradbury and another, the appellants, as administrators, against Nathaniel Reed, the appellee, for the sum of $431.25, alleging as a cause of action, that the defendant, on the first Tuesday of September, 1857, at a sale of property belonging to the estate of their intestate, made by order of the county court, bid off certain town lots, (described in the petition,) for the price of $925; that he failed to comply with the terms of the sale, and that the property, after having been re-advertised according to law, was sold again by the plaintiffs, as administrators, on the first Tuesday of January, 1858, on the same terms, as those of the previous sale, (a credit of twelve months,) at the price of $540, to one Kray; by means whereof, the defendant became liable to pay them, as administrators, the sum of $385, the difference in the amounts bid on the said sales; and the further sum of $46.25, the same being five per cent. on the amount of the defendant's bid at the first sale. The defendant demurred to the petition.

On the trial, the plaintiffs proved that they sold the lots described, at the times, to the persons, and for the prices stated in the petition; and the returns of the sales made by them to the Probate Court, were read in evidence; the return of the last sale, recited the fact, that the lots were resold, in consequence of the non-compliance, by the defendant, with the terms of the sale thereof previously made.

The return of sales first made, was filed in the county court, on the 28th of September, 1857, and recited that the sale was made by virtue of an order of that court, made at the July Term, 1857; but it did not appear from the evidence, that any action had been taken by the county court upon the return of sales first made. No evidence of confirmation was adduced.

The defendant's demurrer was overruled, and the case submitted to a jury. The defendant demurred to the evidence of the plaintiffs, whereupon the case was withdrawn from the jury; the court sustained the demurrer to the evidence, and rendered judgment for the defendant.

*Hunt & Holland,* for the appellants.

*F. Lipscomb,* for the appellee.

WHEELER, C. J.—One who bids off property at an administrator's sale, cannot be required to comply with the terms of the sale, until there has been a decree entered on the minutes of the Probate Court, confirming the sale, and ordering a conveyance to be made to the purchaser, if it be of lands or slaves, by the executor or administrator. (Hart. Dig., Art. 1176.) Until this has been done, he will not be in default for failing to comply with the terms of the sale. And he cannot be held liable in an action under Article 1175 of the Digest, until he is in default. The decree of confirmation, was essential to fix the liability of the defendant, under the statute.

Although it is true, that a demurrer to evidence admits every fact and conclusion which the evidence conduces to prove ; that is, which a jury could legally infer from the evidence ; it cannot be held to admit a fact essential to make out the plaintiff's case, and entitle him to recover, which there is no evidence conducing in any degree to prove, and which a jury could not, therefore, legally infer from the evidence. The confirmation of the sale, if it existed, was matter of record ; and as such, must have been proved, to entitle the plaintiff to a recovery.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.