JAMES A. CHANDLER, PLAINTIFF IN ERROR, *v.* OTTO VON ROE-DER, HAMILTON LEDBETTER, AND CHARLES VON ROSENBURG.

It is the duty of the court to determine the competency of evidence and to de-cide all legal questions that arise in the progress of a trial; and consequently,

when assuming that all the testimony adduced by the one or the other party is true, it does or does not support his issue, its duty is to declare this clearly and directly. Whether there be any evidence, is a question for the judge; whether there be sufficient evidence, is for the jury.

Therefore, where, in a land suit in Texas, the defendants pleaded the statute of limitations, and the documentary evidence showed that neither the plea of five years' possession nor three years' possession (see preceding case in this volume) could be sustained, it was errroneous for the judge to leave that question to the jury.

It was also error in the judge to exclude testimony to show that the deed was fraudulent under which the defendant claimed. The Supreme Court of Texas have decided that conveyances made with an intent to defraud creditors are void.

The decision of the court upon another point having been favorable to the plaintiff, he has no cause of complaint against the ruling of the court.

THIS case was brought up by writ of error from the District Court of the United States for the western district of Texas.

It was a petition by Chandler in the nature of an action of trespass, as well to try title to a certain league of land in Texas as to recover damages.

The nature of the case and the rulings of the court below are stated in the opinion of the court.

It was argued by *Mr. Paschal* for the plaintiff in error, and by *Mr. Hale* and *Mr. Robinson* for the defendants.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff claimed in the District Court a league of land in the county of Fayette, originally granted by the Mexican Government to William H. Jack, and which was in the possession of the defendants. His title consists of a record of a suit in one of the district courts of Texas, in favor of Bremond and Van Alstyne against a number of persons associated under the name of the German Emigration Company, founded upon notes and bills of the company, dated in the years 1846 and 1847, and upon which judgment was recovered in 1852.

An execution was issued upon this judgment, and a levy, sale, and conveyance of the property in controversy were made in 1853, according to the exigency of the writ. The plaintiff was

the purchaser at the sale. There was testimony conducing to prove that Von Roeder entered upon the land as the agent of the company. The defendants, in their answer, denied the sufficiency of this title, and pleaded that they had had adverse and peaceable possession of the land for more than five years under deeds duly registered, and had paid taxes thereon; and also that they had possessed the land peaceably for more than three years under title, or color of title, derived from the sovereign authority, thus claiming the benefit of the 15th and 16th sections of the act of limitations. Hartley's Dig., arts. 2,391, 2,392.

The title exhibited on the trial by the defendants consisted of a deed purporting to be made by the German Emigration Company, through an attorney, Gustavus Dressell, in the year 1848, in favor of the defendant, Von Roeder, in which this and other property was conveyed, to him, and deeds from Von Roeder to the co-defendants dated in 1850, and that the defendants had had adverse possession under them. There was not five years from the date of the deed to Von Roeder to the commencement of the suit, and there was no testimony to show in what manner the German Emigration Company had become entitled to the property. No conveyance from William H. Jack, the original grantee, was produced either to the company or to the defendants. Thus, the pleas of the statute of limitations were not proved. The plaintiff's counsel requested the court to instruct the jury that there is no documentary evidence, title, or color of title, to support these pleas of the defendants. The court declined to advise the jury as requested, but after informing them of the nature of the title and possession that would support such pleas, directed the jury to inquire whether the defendants had adduced sufficient evidence to sustain them. The entire case, in so far as these pleas were concerned, was contained in written documents and undisputed facts. It is the duty of the court to determine the competency of evidence, and to decide all legal questions that arise in the progress of a trial, and consequently, when, assuming that all the testimony adduced by the one or the other party is true.

it does or does not support his issue, its duty is to declare this clearly and directly. Whether there there be any evidence is a question for the judge; whether there be sufficient evidence is for the jury.

Company of Carpenters *v.* Haywood, Doug., 375.

Jewell *v.* Parr, 13 C. B. R., 909.

The court erred in refusing to instruct the jury as requested, and in submitting the decision of questions when there was no evidence to raise them. The defendants having introduced their title, the plaintiff proposed to produce testimony of a variety of circumstances to show that the possession of the property by Von Roeder was collusive and fraudulent, and that the deed was made to him with the intent to defraud and delay the creditors of the German Emigration Company, who were insolvent.

The court overruled this attempt of the plaintiff, and excluded all testimony to establish fraud or collusion. The statute of the 13th Elizabeth concerning fraudulent conveyances has been adopted in Texas. The Supreme Court of that State have decided that when a deed is a mere pretence, collusively devised, and the parties do not intend other than an ostensible change of the property, the property does not pass as to creditors; and even when the parties intend an irrevocable disposition of the property, but the conveyance has been made with the intent to defraud creditors, that the conveyance is void.

Baldwin *v.* Peete, 22 Texas R., 708.

This decision conforms to the current doctrine relative to the just construction of this statute. The plaintiff proposed to prove that the deed to Von Roeder was fraudulent within the meaning of the act. The bills and notes upon which the judgment was founded were filed as part of the record, and and are certified with the judgment of the District Court.

These show that the plaintiffs in the suit were creditors at the date of the conveyance to Von Roeder, and within the protection of the statute of frauds.

Without considering the particular testimony offered, it is

our opinion that the District Court erred in refusing to receive evidence to impeach the deed for fraud.

The plaintiff objected to the introduction of the deed to Von Roeder as testimony, because it was not shown that there was such a corporation as the German association, and because a letter of attorney to Dressel was not exhibited. The deed was admissible, because it appeared that the defendants held their possession under it. But whether it was sufficient evidence of title in the German Emigration Company, or of transfer to the defendants, were questions which it was competent to the court to determine in its instructions to the jury. It appears from the charge that the decision of the court was favorable to the plaintiff. He, consequently, has no cause for complaint upon his exceptions to the competency of the evidence.

For the errors we have noticed the judgment of the District Court is reversed, and the cause remanded for further proceedings.