T. M. Harwood and another v. E. W. Blythe.

1—A demurrer to evidence is a demurrer to the competency of the evidence, and admits it to be sufficient if competent. All, therefore, that a judge can decide upon a demurrer to evidence is, whether any competent evidence was given or not.

2—When there was competent evidence adduced in support of the allegations made in the petition, it was error to sustain a demurrer to the evidence.

3—When the court below has erroneously sustained a demurrer to the evidence adduced by the plaintiff in support of his petition, and has thereupon rendered judgment in favor of the defendant, this court, in reversing the judgment on appeal, will proceed further and render such judgment for the plaintiff as should have been rendered by the court below.

Error from Gonzales. Tried below before the Hon. Wesley Ogden.

The facts are briefly but sufficiently stated in the opinion. Taylor, McElroy & Co., the creditors of Kent, who were secured by his deed of trust to Harwood, came in as intervenors below.

*Mills & Tevis*, for plaintiffs in error.—The proceedings below, in form and substance, in and about the defendant's demurrer to the evidence, were irregular:

1. There was *no joinder* in the demurrer by the opposite side; the court made no order as to the *joinder*. Nor does it

appear that plaintiffs and the intervenors assented to any *joinder* or agreed to any *joinder*—the effect of which, supposing there was *joinder*, was to take the case from the jury. Remember, the evidence was largely parol.

There should have been a joinder in demurrer, whether under compulsion or not, we do not inquire. (Edminston v. Edminston, 2 Ohio, 253; see Booth v. Colton, 13 Tex. Rep., p. 359.) If all the evidence had been in writing, the plaintiff might have been forced to join in the demurrer.

But a good part of the evidence was by parol, and it is very doubtful, under our statute, whether in such a case the court below could force the plaintiff to join in the demurrer; and even if it can be done, the court should require defendant to admit, on the record, not only the facts directly proved, but also every material fact which the testimony legally conduced to prove. (Booth v. Colton, *et ux.*, 13 Tex. Rep., 359; see State Const., Art. 4, § 16.)

The plaintiffs and intervenors here were not given the benefit of such terms and admissions as they were entitled to, which is error. (See 11 Wheaton, 320, 321; 2 Seargt. & Rawle, 186; 3 Id., 413, 416.)

The distinction as to the power of the court to force a joinder between written and parol evidence is too well known to be passed over. (See 4 Yeates, 54; H. Black., 187.) There was no joinder in demurrer here.

It must be remembered that our system of law declares that all cases shall be tried by a jury, unless waived.

The plaintiffs and intervenors excepted to the action of the judge in taking up the demurrer to the evidence and acting thereon, thus taking the case from the jury. (See Record, pp. 47, 48, 55.) Therefor there was *no joinder in demurrer*.

2. The proceedings in and about the demurrer were irregular in another view—the evidence demurred to should have been incorporated in and recited in the demurrer, so that the court may know precisely the facts proved and be enabled to draw such reasonable and necessary intendments and infer-

ences as the jury might have done. We are not at all sure that the statement of facts under our statute answers the same end.

Where a party waives a jury, the judge may decide any question of law or fact; but if a jury is insisted on by either party, the court can not, under our law, withdraw the case from the jury by entertaining a demurrer to evidence, unless the evidence be in writing. If the opposite side joins in the demurrer, or the record shows no opposition to the same, it will be construed as a waiver of the jury, and the judge may decide. No inconvenience can arise from this view, as in all cases the judge may tell the jury there is *no evidence* before the jury for either plaintiff or defendant, and this will perform the office of a demurrer to evidence. We put the question on our system of procedure. In common law courts, demurrers to evidence are common.

But, supposing the *manner* in which the judge below got at the case was right, and waiving, for the moment, the necessity of *joinder*, and the further necessity that the evidence should appear in the demurrer, then, even, the cause must be reversed, because of the error of his honor below in his judgment on the demurrer.

*Spencer & Stewart,* for the defendant in error.

MORRILL, C. J.—Plaintiff, Harwood, alleges that Kent being indebted to Taylor, McElroy & Co., by note, in the sum of two hundred and five dollars, to secure the payment in part, conveyed to him in trust a certain buggy, of the value of one hundred and seventy-five dollars. That defendant, Blythe, having got possession of the buggy, retains it without ownership, or authority of the owner, against the request and demand of plaintiff.

The plaintiff, upon the trial, introduced testimony to sustain the material part of the allegations in his petition, and closed. Whereupon, the defendant demurred to plaintiff's testimony.

The District Judge sustained the demurrer, and the plaintiff appealed to this court.

It is presumed that the defendant believed that the plaintiff had not proved what he deemed sufficient to entitle him to a verdict, and that he preferred a decision of the judge to that of the jury on this point.

That parties to a suit can waive a trial by a jury in a civil cause, and submit both questions of law and of fact to a judge, can not be doubted. And it is equally certain that in all cases wherein the matter in controversy is of the value of twenty dollars, that the right of trial by jury is preserved, and can not be withdrawn from them at the instance of either party, without the concurrence of the other. (Constitution of 1866, Art. 4, § 20.)

The District Court is composed of two distinct bodies—the judge and the jury. The province of the judge is to decide and state the law; that of the jury to find the facts. A special verdict may be found by the jury, and the judge may apply the law thereto and pronounce a judgment thereon. On the other hand, the judge may charge the law to the jury, who may apply the facts thereto, and find a verdict for either party. "It is the duty of the judge to determine the *competency* of evidence and to decide all legal questions that arise in the progress of the trial; and consequently when, assuming that all the testimony adduced by the one or the other party is true, it does or does not support his issue, his duty is to declare this clearly and directly." "Whether there be *any evidence*, is a question for the judge; whether there be *sufficient evidence*, is for the jury." (Chandler v. Von Roeder, 24 How., 226; 1 Green. Ev., § 49.)

A demurrer to the evidence is a demurrer to the competency of the evidence, and admits its sufficiency, consequently all the judge can decide on a demurrer to the evidence is whether any competent evidence was given or not. As there was nothing in the record showing that the opposite party waived a jury, but, on the contrary, as the demurrer to the evidence precluded

the opposite party from his privilege of having a verdict of a jury, and as there was competent evidence to sustain the allegations in the plaintiff's petition, the judge erred in entertaining the demurrer.

The course pursued by the defendant would preclude both parties from having any further facts or testimony, and leaves us no other alternative than to render such a judgment as the District Court should have rendered. Proceeding to render such judgment, it is considered that the judgment of the District Court be reversed, and that the plaintiff have and recover of the defendant one hundred and seventy-five dollars, and costs in both courts.

Reversed and rendered.