L. A. HOLLIMON v. J. W. GRIFFIN, ADM'R, ETC.

1. When the plaintiff's evidence is verbal, and the defendant demurs to it, the latter must admit not only the facts proved by the evidence, but also every material fact which it tends to prove.
2. A demurrer to evidence is to its competency, not to its sufficiency, and the only question for the judge to decide is whether or not any competent evidence has been offered.
3. The ruling in Harwood v. Blythe, 32 Texas, 800, approved—to the effect that when this court reverses a judgment rendered below on a demurrer to evidence, it will proceed to render such judgment as should have been rendered below. This ruling is based on the hypothesis that the defendant, by demurring to the evidence, confessed its truth, and waived his right to have a jury pass upon it.

APPEAL from Liberty. Tried below before the Hon. Wm. Chambers.

There is no occasion for a statement of the facts.

*Pickett & Branch*, for the appellant.

No brief for the appellee.

WALKER, J. It is only where the evidence is in writing that the plaintiff can be ruled to join in the defendant's demurrer to the evidence ; but where the evidence is verbal, as a condition to the plaintiff's joining in demurrer, the defendant must admit the facts proven, as well as every material fact which the evidence conduces to prove. But the demurrer to evidence is to its competency, not to its sufficiency, and the only question which the judge is called on to decide, where the defendant demurs, is whether any competent evidence has been offered, or not; and if he holds that there is competent evidence, it being admitted to be true by the terms of the demurrer, he should instruct the jury to find accordingly. In Harwood v. Blythe, 32 Texas, 800, the court say, where there was competent evidence adduced in support of the allegations

made in the petition it was error to sustain a demurrer to the evidence. And when the court below has erroneously sustained a demurrer to the evidence adduced by the plaintiff in support of his petition, and has thereupon rendered judgment in favor of the defendant, this court, in reversing the judgment on appeal, will proceed further and render such judgment for the plaintiff as should have been rendered by the court below. This doctrine proceeds upon the hypothesis that the defendant has waived his right to have a jury pass upon the evidence, by submitting the question to the court, whether there is any competent evidence or not, and, if so, confessing it.

Taking this as the rule, and applying it to the case at bar, inasmuch as we find not only competent evidence, but in our judgment quite sufficient evidence, to raise an implied assumpsit, we reverse the judgment of the District Court, and render a judgment in this court for sixty dollars, the price of one mule, five dollars, the price of the harness which were never returned, and also for the hire of one mule, as claimed in the petition; making a total of one hundred and fifty-five dollars, with interest from the date of filing the petition, September 13th, 1871.

Reversed and rendered.