## F. H. PITT v. TEXAS STORAGE CO.

(No. 3156.)

APPEAL from Dallas County.   Opinion by WHITE, P. J.

S. C. McCORMICK, counsel for appellant.

No counsel appeared for appellee.

§ 295. *Evidence; effect of demurrer to; conversion of personal property stored with bailee; evidence of value when stored admissible to prove value at time of conversion.* On the 20th day of July, 1887, appellant, who was plaintiff in the court below, delivered to the defendant for storage, certain household goods, books, etc., of the value of $450, for which the defendant receipted. The petition alleges that on the 29th day of September, 1890, defendant converted said property to its own use, and plaintiff claimed $450 actual and $500 as exemplary damages. In brief, the testimony shows that appellant, after depositing the goods on the date above mentioned with the defendant, moved to McMinnville, Tenn., where he resided until September, 1890, when he returned to Texas. It further shows that on September 18, 1890, he demanded his goods of the defendant, and offered to pay the storage charges on them, and take them away. Defendant informed him that the goods had been sold, but that it would do what was right in the matter, and for him to make out a list of the goods, and it would replace such of them as it could from its store and pay him for the remainder. A day or two afterwards it offered him $100 in settlement of his claim. It will be seen from the foregoing that the goods remained stored with the defendant something over three years before the demand for delivery was made by the plaintiff. In the meantime plaintiff had written to defendant about his goods from McMinnville, Tenn., and in answer to his

509

letters it stated that the storage demands upon the goods amounted to $15 a year, or $30. At the trial the plaintiff proved by himself and wife the facts as above stated, and, in addition, he proved the items contained in the packages deposited with the defendant, and the value of each item; the total value amounting in the aggregate to $500. After the plaintiff's testimony was concluded, defendant refused to introduce any testimony and demurred to plaintiff's evidence, which demurrer was sustained by the court, and judgment rendered in favor of defendant that plaintiff take nothing by his suit; that defendant go hence without day; and that defendant recover all costs, etc. From this judgment this appeal is prosecuted.

We are of the opinion that the judgment is erroneous. "A demurrer to the evidence is a demurrer to the competency of the evidence, and admits its sufficiency. Consequently, all a judge can decide on a demurrer to the evidence is whether any competent evidence was given or not; and, when there was competent evidence adduced in support of the allegations in the petition, it is error to sustain a demurrer to the evidence." [Harwood v. Blythe, 32 Tex. 804.] Ordinarily the office of a demurrer to evidence is to admit every fact and conclusion which the evidence conduces to prove. [Bradbury v. Reed, 23 Tex. 258.] Again, as was said in Dangerfield v. Paschal, 11 Tex. 579: "The defendants having demurred to plaintiff's evidence, we must look to the plaintiff's evidence alone; and if, under the issue joined, that evidence, with every reasonable deduction that a jury would be presumed to draw from it in favor of the plaintiff's right, would not sustain the action, the judgment of the court below must stand." [See, also, Booth v. Cotton, 13 Tex. 359.] While it is true that the court had previously to the sustaining of the demurrer to the evidence sustained an objection of defendant to the sufficiency and competency of the plaintiff's answers to the

tenth interrogatory propounded to it, and had held that said answers, and Exhibit B, called for by said answers, were insufficient and incompetent proof of the value of the goods in question, yet we find, in answer to the cross-interrogatories of the defendant, the witness did testify to the correctness of Exhibit B, both as to the kind, quality and price of the articles mentioned; and these cross-interrogatories were not objected to, or the answers stricken out. As we understand the record, the grounds upon which the tenth interrogatory and answer thereto were sustained by the court were that the evidence, if it tended to prove the kind, quality and value of the articles at all, only tended to show what they were worth at the time they were deposited for storage with the defendant, and not what their value was at the time of their alleged conversion by the defendant. With regard to this matter, the evidence shows that the goods were most securely packed, and in such manner as that they would be preserved from the depredations of moths and other insects. There is not a particle of testimony to show that they had in any manner depreciated in value. The presumption is that the defendant kept them securely stored during the time it had them in possession; and the presumption further obtains, under the facts as shown in this case, that the condition of the goods remained the same as when they were stored, and that the value at the time of their conversion was the same as when they were stored with the defendant. We are of opinion that the court erred in sustaining the objection to the tenth interrogatory and the answer of the witness thereto. We think that the evidence was competent and admissible under the circumstances of the case. For the errors above pointed out the judgment is reversed and the cause remanded.

February 17, 1892.     Reversed and remanded.