INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V. ORIN DAVIS.

Delivered November 24, 1897.

**1. Railway Company—Duty to Postal Clerks—Heating Car.**

A railroad company owes the same duty to a postal clerk carried on its trains under a mail contract with the United States as to a passenger, and such duty includes the heating of the mail car so as to make it safe and comfortable for him.

**2. Same—Proof of Contract to Carry Mail.**

The fact that a railroad company, at the time of an injury to a United States postal clerk, carried the mail, and had been carrying it continuously for a number of years, is sufficient proof of a contract with the United States to carry the same.

**3. Demurrer to Evidence Waives Objections.**

A demurrer to evidence waives all objection to the admissibility of the evidence to which it is addressed, and the demurrant can not complain on appeal of its admission over his objections.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Floyd McGown* and *F. C. Davis*, for appellant.—Davis having predicated his right to be upon the car upon the alleged contract between the railroad company and the United States government and his employment by the government to serve as a mail clerk under said contract, was bound to make the proof as alleged, and could recover only upon evidence establishing these allegations. Railway v. Hampton, 64 Texas, 427; Railway v. Chum, 6 Texas Civ. App., 703; Whitehead v. Railway, 22 Mo. App., 60; Lammert v. Railway, 9 Ill. App., 388; Railway v. Cornelius, 3 S. W. Rep., 720; Shearm. & Redf. on Neg., sec. 8; Railway v. Griffin, 50 Am. Rep., 783; Hughes v. P. P. C. Co., 74 Fed. Rep., 499; Railway v. Kennedy, 105 Mo., 270; Sayles' Pld. and Prac., secs. 388-402; Railway v. Nichols, 3 Am. Ry. Rep., 419.

*J. A. Buckler*, for appellee.—1. The appellant being engaged in carrying the mail, the law imposed upon it the absolute duty of heating the

car whenever it became necessary, regardless of the time of the year. Railway v. Wilson, 79 Texas, 313; Railway v. Hutchinson, 33 N. E. Rep., 116; 19 L. R. A., 340.

2. The appellant having accepted the appellee as a passenger, and having permitted him to run over its road as a postal clerk for more than two years unchallenged, owed him at least as great a duty as it would have owed to any passenger who had paid his fare. Railway v. Wilson, 79 Texas, 313; Taylor v. Railway, 38 S. W. Rep., 304; Railway v. Hyatt, 34 S. W. Rep., 677; Hastings v. Railway, 53 Fed. Rep., 224; Railway v. Hutchinson, 33 N. E. Rep., 116; 2 Am. and Eng. Encyc. of Law, 744; 19 L. R. A., 340; Hutch. on Carr., Mechem's ed. 1891, sec. 515d.

3. The demurrer waives all objections to the admissibility of the evidence to which it is addressed, and amounts to an admission that such evidence is competent, that the witnesses are entitled to credit, and that all inferences favorable to the opposite party which may reasonably be drawn from the evidence are true. Railway v. Templeton, 87 Texas, 46; 44 Cent. Law Jour., 514; Chapize v. Bane, 1 Bibb (Ky.), 613; Miller v. Porter, 71 Ind., 523.

4. Appellant does not claim that there was no proof of the existence of a contract between it and the United States to carry the mail, but merely that the contract was in writing and parol proof of its existence was incompetent. But it was not in possession of the plaintiff, but in that of defendant, and it was bound to know from the nature of the suit that it must be charged with its possession, and in such case no notice to produce was necessary. Dean v. Borden, 15 Texas, 269; Hamilton v. Rice, 15 Texas, 285.

5. The allusions in the petition to the existence of a contract between the defendant and the United States to carry the mail was at most no more than a matter of inducement, and was not necessary to be alleged or proven. It is only where the allegation is material to a recovery that it must be supported by proof. Tinsley v. Pennington, 83 Texas, 58.

NEILL, Associate Justice.—This action was brought by the appellee to recover from appellant damages sustained by him by reason of appellant's negligent failure to have a car properly heated, upon which the appellee was traveling in the employment of the United States government as its postal clerk.

As his cause of action, the appellee, among other things, alleged that on September 28, 1896, he was a duly commissioned and regularly acting United States postal clerk or route agent, employed by the United States government, and by it assigned to the duty of accompanying mails carried upon the cars of defendant from the city of San Antonio to Longview, in the State of Texas. That under the law and its contract with the government it was the duty of said defendant to carry said mails upon its cars, and also to carry some one in charge of said mails free from any compensation other than is received from the United States government. That it was its further duty to provide sufficient cars, with proper fix-

tures and furniture and properly heated and lighted, for the use of route agents or postal clerks, and to enable them comfortably to occupy said cars and distribute the mails, without any specific charge therefor.

The appellant answered, (1) by general demurrer; (2) by specially excepting upon the ground that the allegations in the petition did not show that in September ordinary care required defendants to provide a heated car; (3) by general denial; (4) that appellee was a trespasser upon the car of defendant, and it owed no duty to him; and (5) contributory negligence, in that the appellee failed to provide himself with an overcoat or wrap to protect him from the cold after he discovered that the car was not heated.

The appellant, defendant below, demurred to plaintiff's evidence, and the demurrer being overruled, the issue as to the amount of damages was alone submitted to the jury, who returned a verdict in favor of the appellee for $870, upon which the judgment was entered from which this appeal is prosecuted..

*Conclusions of Fact.*—The uncontradicted evidence shows:

1. That on September 28, 1896, the appellee was and had been for two years prior thereto in the service of the United States government as a postal clerk, employed in the discharge of his duties upon the trains of appellant, in carrying the mail from the city of San Antonio to Longview, Texas.

2. That upon said day and for two years prior thereto the appellee was recognized and received by appellant upon its mail coach running between the cities aforesaid, as a United States postal clerk, and was entitled to be carried as such in the discharge of his duty on said train.

3. On September 28, 1896, the appellee was assigned by the United States government to the duty of accompanying the mails carried upon appellant's cars from the city of San Antonio to Longview, and to take care of said mail and see that it was properly distributed at the various postoffices on the line of said road between said points, and to perform generally all the duties required by law of United States postal clerks or route agents.

4. September 28, 1896, was a cold and damp day, and the car of appellant in which the appellee was riding in the discharge of his duties as postal clerk was not heated in any manner. The appellee notified the appellant that the car was unheated, and, through its conductor in charge of the train, informed it that it was uncomfortable and disagreeable for him to ride in the car on account of its being so cold, and requested appellant to provide it with heat so as to make it comfortable.

5. The appellant, after having been so informed and requested, negligently failed to heat said car.

6. That by reason of said negligence of appellant, the appellee contracted a severe cold and became sick and suffered thereby great pain and discomfort, and incurred medical expenses, to his damage in the amount found by the jury.

7. The appellee was guilty of no negligence contributing to the injury thus occasioned him by the negligence of appellant.

*Conclusions of Law.*—1. The petition of appellee stated a good cause of action as against the demurrer and exception of appellant.

2. It was the duty of appellant to appellee to keep the car in which the latter was discharging his duty so heated as to make it safe and comfortable for him; for the road having accepted the appellee and received him on its cars as a United States postal clerk, owed him the same duty it owed to a passenger on its train. Railway v. Wilson, 79 Texas, 313; Taylor v. Railway, 38 S. W. Rep., 304; Railway v. Hyatt, 34 S. W. Rep., 677; Hastings v. Railway, 53 Fed. Rep., 224; Railway v. Hutchinson, 33 N. E. Rep., 116; 2 Am. and Eng. Encyc. of Law, 744; 19 L. R. A., 340; Hutch. on Carr. (Mechem's ed. 1891), sec. 515d. Nor was it necessary for the appellee to show a written contract between appellant and the United States to carry their mail. The fact that it carried and had been carrying such mail continuously for a number of years was sufficient proof of the contract.

3. There was no error in the court's overruling appellant's demurrer to the evidence. The evidence not only tended to but established fully the appellee's cause of action. Railway v. Templeton, 87 Texas, 46, 25 S. W. Rep., 136; Dangerfield v. Paschal, 11 Texas, 579; Bradbury v. Reed, 23 Texas, 260; Pitt v. Storage Co., 4 White & W. C. C., sec. 295; Holliman v. Griffin, 37 Texas, 453.

The sixth, seventh, eighth, tenth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, and twenty-fifth assignments of error complain of the admission of testimony over the appellant's objection. If these assignments were not waived by the demurrer to the evidence, we should hold that no one of them is well taken, for even if the evidence excepted to had gone before the jury, the appellant could not have been prejudiced by it, though it should be conceded it was erroneously admitted. It seems, however, upon principle and authority, that a demurrer waives all objection to the admissibility of the evidence to which it is addressed, and amounts to an admission that such evidence is complete, that the witnesses are entitled to credit, and that all inferences favorable to the opposite party which may reasonably be drawn from the evidence are true. Railway v. Templeton, supra; 44 Cent. Law Jour., 514; Chapize v. Bane, 1 Bibb (Ky.), 613; Miller v. Porter, 71 Ind., 523.

There is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*