HERBERT PARKER v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE ET AL.

No. 1733.   Decided December 4, 1907.

**Jurisdiction of Supreme Court—School Land—Lease.**

The Commission of the General Land Office having cancelled an award to relator as purchaser of certain school land because the same was held under lease to another, and that ruling depending on whether an interlineation making a change in the terms of a preceding lease was made before or after its execution, the right of relator to mandamus to compel the Commissioner to reinstate him depended on a question of fact which the Supreme Court had no jurisdiction to determine and therefore dismissed his petition. (P. 169.)

Original application to the Supreme Court by Parker, for mandamus to require respondent Terrell, Commissioner of the General Land Office, to reinstate him as a purchaser of school land, to which the adverse claimant was made corespondent.

*E. Cartledge* and *James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent Terrell.

*Chas. Rogan,* for corespondent Payne.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
The relator having been awarded two sections of school land, the Commissioner of the General Land Office cancelled the award for the reason that at the time it was made the land was under a lease to Johnson Bros., which lease had been assigned to James Payne. The lands were originally leased to Johnson Bros. It is not denied that the lands were under lease at the time of the award; but the relator claims that the lease was void by reason of the fact that it was executed before the expiration of a previous lease which had been made to the same parties, namely, Johnson Bros. Whether that

lease had expired or not depends upon the question of the time for which it was to run—relator asserting that it was for a term of ten years, while respondents allege that it was only for the term of five years. If it was for ten years, then the second lease is void, if only for five, then the subsequent lease is good and the Commissioner of the General Land Office was correct in cancelling the award. The difficulty grows out of the fact that the lease as originally written, which is made a part of the answers, contains in ink the words "five (5)" which is stricken out in pencil and the figures "10" written over it. If the change was made before the lease was executed it is good for a ten year lease; if after, the change is of no effect. We are thus confronted with a question of fact which we have no jurisdiction to determine.

The case is therefore dismissed for want of jurisdiction.