W. H. SHIVES v. ENO COTTON MILLS.

(Filed 18 November, 1909.)

1. **Verdict Non Obstante—Pleadings.**

While the common law rule has been relaxed so that a judgment *non obstante veredicto* may sometimes be granted the defendant, it is only when the pleadings entitle him to it irrespective of the verdict.

2. **Master and Servant — Safe Place to Work — Defect — Implied Knowledge.**

An aperture negligently left in the floor of a cotton mill, dangerous to employees going to and from their work at night, with the knowledge of the foreman directly in charge, fixes the principal with such knowledge.

3. **Same—Negligence—Damages.**

It is the duty of the employer to provide on his premises a safe way for his employees to go to and from their work; and when a dangerous aperture in the floor of a cotton mill has been left over night by one in charge of making repairs, who would not have left it had he known that the employees would return that night to their work, the negligence of the foreman directly in charge in not informing the one doing the repairs of the fact is attributable to the principal, and the latter is liable for an injury to an employee directly and proximately caused by the negligent act.

4. **Verdict — Non Obstante — Discretionary Power — Appeal and Error—Judgment.**

When the trial judge has erroneously held that the defendant is entitled to judgment *non obstante veredicto,* he has exercised no discretionary power, and judgment upon the verdict in plaintiff's favor will be rendered in the Supreme Court.

APPEAL from *Long, J.,* May Term, 1909, of ORANGE.

Civil action for personal injury.

These issues were submitted to the jury:

1. "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" . Answer: "Yes."

2. "Did the plaintiff contribute to his injury by negligence on his part, as alleged in the answer?"   Answer: "No."

3. "What damages, if any, is plaintiff entitled to recover of defendant?"   Answer: "Damages, three thousand dollars."

The court refused to render a judgment in favor of the plaintiff upon these issues.

The defendant moved for a new trial, and insisted that the court erred in its failure to sustain the motion to nonsuit when made, and that, having reserved the question until after verdict, his Honor should now sustain the motion.

Thereupon the judge rendered this judgment: "The foregoing judgment is tendered the court to be signed; but, the court being of opinion, upon the whole record, that plaintiff is not entitled to recover, *non obstante veredicto,* the action is dismissed."

Whereupon the plaintiff appealed.

*S. M. Gattis* and *Bryant & Brogden* for plaintiff.
*John W. Graham* and *James H. Pou* for defendant.

BROWN, J.   In entering a judgment *non obstante veredicto* for the defendant we think the learned judge below misconceived the usages and practice of the courts in respect to such judgments.   At common law they were never rendered for a defendant.

The usual definition of a judgment *non obstante* is "a judgment entered by order of the court for the plaintiff in an action at law, notwithstanding a verdict for the defendant."   2 Tidd. Pr., 922; Rap. & L. Law Dict.; Black Law Dict.

At common law a judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute either a defense or a bar to the action.   In such case the plaintiff was entitled to a judgment in his favor, notwithstanding a verdict for the defendant.   *Cotton Mills v. Abernethy,* 115 N. C., 403; *Walker v. Scott,* 106 N. C., 57; *Riddle v. Germanton,* 117 N. C., 387.

The practice was adopted, says *Judge Pearson,* to discourage sham pleas by the defendant.   *Moye v. Petway,* 76 N. C., 329.

Hence it follows that at common law a judgment *non obstante* could only be granted upon motion of the plaintiff—never for a defendant—and that its use was consequently very restricted.

This rule, however, has been relaxed in many jurisdictions, especially where counterclaims are pleaded and where the Code system prevails, and it is held that such judgment may be ren-

dered on the pleadings for either party entitled to it, irrespective of the verdict.    11 Enc. Pldg. and Practice, 914.

In no case, however, can such a judgment be rendered for any party, except when the pleadings entitle the party against whom the verdict was rendered to a judgment.  *Grant v. Insurance Co.,* 76 Ga., 575; *Willoughby v. Willoughby,* 51 Eng. Com. Law, 722; *Gregory v. Brunswick,* 54 E. C. Law, 481; *McFerran v. McFerran,* 69 Ind., 29; 11 Ency. Pl. & Pr., 914, and cases cited.

It is manifest that this is not a case where, upon the pleadings, judgment can be appropriately rendered for the defendant, notwithstanding the verdict.

This brings us to consider whether, in any view of the evidence, the plaintiff is entitled to recover.

The plaintiff's evidence tends to prove that he was the "boss dyer" of defendant, but had nothing to do with putting in machinery or repairing it.  In fixing some pipes in the mill the workmen took up two planks in the dyeing department, leaving a hole sixteen inches wide and sixteen feet long, in order to pass from the dye room to the cement floor below, where they were fitting in a drainpipe.  The plaintiff was injured by falling in this hole, about 6 or 7 o'clock P. M.  At the time he fell in the hole, the evidence shows the dye room was badly lighted—worse than usual.  Plaintiff had a lantern in his hand, but as the room was full of steam he could not see well.  This large aperture was left entirely unguarded by the repairers when they "knocked off" for the day.

Mangum, the superintendent of the mechanical department, testified: "The dryer was not complete, and I knew we had to go under there.  It was part of my business to have the dryer completed.  In completing the dryer I was working under the general orders of the superintendent, Mr. Roberson.  I knew that people were working in the dye room, but I did not know it was going to run that night.  If I had known it was going to run that night, I guess I would have stopped the hole up.  Mr. Roberson did not tell me it was going to run that night."

By reference to the record it appears the motion to nonsuit was based upon the ground that the plaintiff had failed to make out his case in the following respects:

"1. Because plaintiff has shown that the defects from which he was injured were not brought to the knowledge of the defendant and had existed less than one hour when he was injured.

"2. Because the injury was caused, according to plaintiff's testimony, by the negligence of a fellow-servant of the plaintiff.

"3. Because plaintiff's evidence shows that he was guilty of contributory negligence."

In respect to the first proposition, it may be said that it is fully supported by *Hudson v. Railroad,* 104 N. C., p. 500, a case which has been repeatedly approved by this Court, but the principle does not apply to the facts of this case.

The aperture through which plaintiff fell was made by the master or by those to whom it had delegated its authority. The duty of providing a reasonably safe place in which to work is one of the primary or absolute duties of the master; and when the master delegates the discharge of such duty to a servant, whether he be called foreman, a superintendent, or what not, he represents the master, and the latter will be held responsible for the manner in which the duty is discharged. *Tanner v. Lumber Co.,* 140 N. C., 479, and cases cited.

Knowledge possessed by such person is the knowledge of the master, and any negligence of such servant while discharging this primary duty for the master, with respect to taking suitable action for the protection of employees, is the negligence of the master. Thompson on Neg., sec. 4961; *Tanner v. Lumber Co., supra.*

It was the superintendent's duty to inform Mangum, the foreman of the mechanical department, who was doing this repair work, that the dye room would be in use that night. If he had done so, Mangum says, "I would have stopped the hole up."

This view of the case disposes of the defendant's second ground for nonsuit. According to plaintiff's evidence, both Mangum and Roberson were the representatives of the master to do this repair work, and one or the other should have seen to it that when the mechanics stopped work for the day the planks were replaced or the aperture carefully protected, for the safety of those who, the superintendent knew, would be on duty in the dye room that night.

It follows, therefore, logically, that, upon the facts of this case, as now presented, the question of injury by a fellow-servant does not arise.

As to the third ground of nonsuit, it must be borne in mind that contributory negligence is a defense and that a nonsuit can only be sustained on that ground, when such negligence is manifest upon the evidence offered by the plaintiff.

From his standpoint we find no evidence of contributory negligence. If the duty of making these alterations or repairs was delegated to Mangum by Roberson, the superintendent, and Mangum had charge and control of them, the plaintiff had a right to expect, when he returned to his dye room at 6 P. M., that Mangum had protected the hole; and if in the dimly lighted room

plaintiff fell into it accidentally, such act will not be attributed to his negligence.

There are some views of the case arising upon the defendant's evidence which, if taken by the jury, would have justified a finding of contributory negligence, but we can consider upon a motion to nonsuit only the plaintiff's evidence, and unless contributory negligence is manifest from his standpoint it is not a ground for nonsuit.

The next question to be considered is, what judgment shall this Court render?

The record states that "At the conclusion of the evidence the defendant renewed its motion to nonsuit, for the reasons set out in the original motion. Motion denied, and defendant excepts. His Honor stated that, while he would let the case go to the jury, he was doubtful as to the plaintiff's right to recover, upon the whole evidence, and would reserve that question to be passed on after verdict. There was no objection by either side to such course."

This practice is not to be commended, as it may do injustice to the defendant by preventing a consideration, on appeal, of the exceptions taken by the defendant on the trial, for a party cannot well appeal from an unconditional judgment in his favor granting all he demands.

But this defendant acquiesced in the action of the court, we presume, for the purpose of putting an end to the litigation, one way or the other.

Under such circumstances, the authorities hold that the appellate Court should render such judgment as the court below should have rendered, and thus give effect to the verdict of the jury. Inasmuch as his Honor does not rest his judgment upon an exercise of discretion, but upon the legal ground that the defendant is entitled to judgment, notwithstanding the verdict, we think the plaintiff is entitled to a judgment thereon. In summing up the authorities on the subject the Ency. of Pl. & Prac. says: "If a verdict is rendered for the plaintiff, subject to a demurrer to evidence which is erroneously sustained, the appellate Court, on reversing the judgment, will render a final judgment for plaintiff for the damages assessed by the jury." Vol. 6, p. 459. See, also, *Heard v. Railroad,* 26 W. Va., 455; *Hollimon v. Griffin,* 37 Tex., 453; *Harwood v. Blythe,* 32 Tex., 800. Our own decisions are in line with these authorities. *Abernethy v. Yount,* 138 N. C., 344; *Wood v. Railroad,* 131 N. C., 48; *Drewry v. Davis,* this term.

The cause is remanded, with direction to enter judgment upon the verdict.

Reversed.