HANNA v. ATCHISON et al.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 14, 1911. Rehearing Denied Nov. 11, 1911.)

1. PUBLIC LANDS (§ 173*) — TEXAS SCHOOL LANDS—AFFIDAVIT BY PURCHASER—NECESSITY.

Under Act 1905, § 4 (Gen. Laws 1905, c. 103), requiring purchasers of school land to settle thereon within 90 days after acceptance of their applications, and to file an affidavit of settlement in good faith within 30 days after the 90 days, and under section 5, giving preference rights of purchase to original lessees or their assignees, and providing that if one purchasing under the section does not comply with the law as to settlement and residence, the sale shall be canceled, a purchaser under section 5 need not file the affidavit required by section 4.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 173.*]

2. TRIAL (§ 156*)—DEMURRER TO EVIDENCE—EFFECT.

A demurrer to evidence admits every fact and conclusion that the evidence tends to prove.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 156.*]

3. LIMITATION OF ACTIONS (§ 13*)—ESTOPPEL.

In a mandamus, brought in time in the Supreme Court, to compel the Commissioner of the General Land Office to cancel sales of lands to defendants, and to award them to plaintiff under his prior application, defendants pleaded collusion between plaintiff and another, raising an issue of fact of which the Supreme Court had no jurisdiction, and the proceeding was dismissed. In a subsequent action, brought to re-

cover the lands, this issue was found to have been fraudulently raised to oust the court's jurisdiction. *Held*, that defendants were estopped in the second action to set up the one-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 58; Dec. Dig. § 13.*]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Action by S. W. Hanna against John Atchison and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Charley Gibbs and Theodore Mack, for appellant. Jno. B. Howard, for appellees.

SPEER, J. This is a controversy over sections 11, 13, 14, and 15, in block 73, of the public school lands in Andrews county, wherein appellant, S. W. Hanna, claims by virtue of an award by the state land commissioner, and appellees claim by virtue of the cancellation of such award and subsequent award to one Armstrong. The case is more fully illustrated by the following agreement between the parties:

"Sections 11, 13, 14, and 15, in block 73, public school lands in Andrews county, Tex., were covered by a state school land lease, which said lease was owned by S. W. Hanna, as assignee. That in accordance with the provisions of section 5 of chapter 103 of the act of 1905 said Hanna applied to purchase said sections 11, 13, 14, and 15, in block 73, under his right as assignee of said lease. That on July 31, 1907, said lands were properly awarded to said Hanna on his application, filed in the land office on June 15, 1907, but said Hanna failed to cause his affidavit of settlement to be filed in the land office at Austin, Tex., within the time required by law for filing of affidavits of settlement on school lands. The said land commissioner canceled the sale and award of said lands to said Hanna on November 27, 1908, and on said day and date reclassified said lands as dry grazing, and revalued said lands, and notified the county clerk of Martin county of the fact, to which said Andrews county was at that time attached for all purposes, that said lands would be subject to sale on the 2d day of December, 1908, at the price of $2.50 per acre. That said cancellation and said reclassification and revaluation, and said notice to said clerk, was all done on the 27th day of November, 1908, by the said land commissioner. That on the day and date that said lands were so advertised to come on the market under said new classification, to wit, December 2, 1908, the defendant herein, B. Armstrong, filed his four applications to purchase said lands in due form in the land office at Austin, Tex., together with proper obligations for the deferred payment of the purchase money on said land, and at the

same time paid to the proper authorities the one-fortieth of the purchase price of said lands. That the land commissioner accepted said applications, and issued his award thereof to the said B. Armstrong on the 12th day of December, 1908. B. Armstrong made his settlement on said lands within the time required by law and filed affidavit of that fact within the proper time with the land commissioner at Austin, Tex., and resided on said land continuously for more than one year, and until he sold the same to the defendant John Atchison, at which said time said Atchison became an actual settler upon said land, and has continued to reside thereon until this date, and has complied with the law in regard to substitute purchasers in all respects."

There was other testimony introduced on the trial, some of which we will notice in its proper place. After the evidence was all in, the defendants, Atchison and Armstrong, interposed a demurrer to the same, and the court instructed a verdict in their favor, and from the judgment based on such verdict the plaintiff, Hanna, has appealed.

[1] The principal question involved on this appeal is whether or not one who purchases state school lands under the provisions of section 5 of the act of 1905, regulating the sale of school and asylum lands (General Laws 1905, p. 163), is required to file an affidavit of settlement in the land office within 120 days from the acceptance of his application to purchase. The express provision requiring the filing of such affidavit is found in section 4 of the act above referred to, and is as follows: "The applicant shall have ninety days from the date of the acceptance of his application within which to actually settle upon the land so purchased and he shall within thirty days after the expiration of said ninety days given within which to make settlement file in the land office his affidavit that he has in good faith actually in person settled upon the land purchased by him. Should the applicant fail to make and file the affidavit and proof of settlement as herein provided within the time specified the commissioner of the general land office shall endorse that fact upon his application cancelling the same and immediately place the same upon the market by notice to the clerk, fixing a date not less than thirty days thereafter when applications may be filed for the purchase thereof," etc.

The contention of appellant, however, is that, since his purchase was as an assignee of an entire lease, who is given a preference right under section 5 of the act, the regulation of sales to whom is specifically made in that section, the above-quoted provision has no application to him; but he is controlled rather by the provisions of the particular section (5), giving him the preference right to purchase. That section provides: "One who

buys out of a lease as above provided, and does not comply with the law as to settlement and residence, the commissioner shall, when sufficiently informed of that fact, cancel such sale and place the land upon the market for sale as provided in this act for cancelled leases"—but does not provide for a cancellation by the commissioner upon the failure of such purchaser to file his affidavit of settlement, as required of other purchasers. We sustain this contention. The Legislature has seen fit expressly to authorize the commissioner in certain cases coming under sections 3 and 4 of the act under consideration to cancel an award for failure of the purchaser to file an affidavit of settlement within 120 days from the date of the acceptance of the application, and in the same manner to authorize a cancellation of an award to one who has purchased under the preference right given to lessees or assignees by section 5, who does not comply with the law "as to settlement and residence"; but we cannot read into the last section the further provision that such officer is required to cancel the award for failure to file an affidavit of settlement when it is not so written. We, perhaps, can conceive of no good reason for requiring the affidavit to be filed in the one instance that would not equally obtain in the other; but this of itself would not justify our supplying such omission. Evans v. Terrell, 101 Tex. 169, 105 S. W. 490. Besides, forfeitures are not favored in law, and we will not extend the scope of the section under which appellant purchased by construction, so as to authorize a forfeiture not specifically provided for. It follows from this, in view of the agreed statement of the case, that the court's instruction was erroneous, and that a verdict should have been directed for appellant, unless appellees' plea of limitation of one year prevents.

[3] It appears that the present suit was not instituted within the time required by law, but that a proceeding was begun, by an application for mandamus in the Supreme Court, to require the Commissioner of the General Land Office to cancel the sales to Armstrong and to award the lands in controversy to appellant. That proceeding, though begun in time, was dismissed by the Supreme Court because of the interposition of an answer, wherein Armstrong pleaded collusion between appellant, Hanna, and another, thus raising an issue of fact which the Supreme Court was without jurisdiction to determine. In the present case, in answer to the plea of limitation, that proceeding was shown, and the allegation made that the interposition of such answer by Armstrong was fraudulent, and for the purpose of ousting the jurisdiction of the Supreme Court. Upon this issue, there was the testimony of appellant and his wife and another, one Allen, who is supposed to have been a party to the collusion, if there was any, that no agreements of any kind existed among the parties, whereby the land was being taken up or held for Allen. Appellees offered no evidence, but, as before stated, interposed a demurrer to the evidence.

[2] Now, it is well settled that a demurrer to the evidence admits every fact and conclusion that the evidence tends to prove, or, in other words, which a jury could legally infer from the evidence. Bradbury v. Reed, 23 Tex. 258; Harwood v. Blythe, 32 Tex. 801; Pitt v. Texas Storage Co. (App.) 18 S. W. 465; Brown v. Wallis, 100 Tex. 546, 101 S. W. 1068, 12 L. R. A. (N. S.) 1019. We think the evidence of these witnesses, to the effect that there was no collusion, along with the fact that appellees offered no evidence whatever tending to show collusion, would have authorized a finding by the jury that the answer in the mandamus proceedings in the Supreme Court was fraudulently interposed for the purpose of ousting the jurisdiction of that court. The appellees must be held to have known the legal effect of filing such an answer, and to have contemplated that a dismissal would necessarily follow; and to file such an answer, setting up facts which were untrue, and which their failure to offer testimony in this trial would indicate they had no reason to believe to be true, must be held to have been fraudulent, the effect of which would be to deprive them of their right to rely upon the statute of one year's limitation in this case. That the filing of the mandamus proceedings in the Supreme Court was the institution of such suit as would prevent the running of the statute, we have no doubt. It was before a court of competent jurisdiction, and one having full power to grant to appellant full relief; that is, the restoration of the very land sought to be recovered in this suit. We find it unnecessary to discuss other interesting questions raised by appellant, some of which we are inclined to think would themselves call for a reversal of the judgment below, but for the reasons indicated the judgment of the district court is reversed, and judgment here rendered in favor of appellant, Hanna, for the lands in controversy.

Reversed and rendered for appellant.