MASON *v.* EDISON MACH. WORKS.

*(Circuit Court, S. D. New York. August 10, 1886.)*

MASTER AND SERVANT—LIABILITY OF MASTER TO SERVANT FOR NEGLIGENCE OF FELLOW-SERVANT.

Where a foreman, employed in a factory by a corporation, left a laborer to hold alone, on edge, the bed-plate of an engine, ordering away those who were assisting him, and the bed-plate fell down upon and injured said laborer without his fault, the corporation was held liable.

Motion for New Trial.

Action to recover damages from a corporation for injuries caused a laborer by a fellow-servant in its employ.

*Herman Shook,* for plaintiff.

*John C. Tomlinson,* for defendant.

WHEELER, J. The defendant is a corporation, and has a factory where dynamo engines are made and shipped. James Martin was foreman of common laborers employed there, in handling and moving heavy parts of the machinery, and had full control over them for that purpose, and hired and discharged them subject to the approval of the superintendent. He hired the plaintiff to work there as such laborer. While the plaintiff was employed there, he, and six other laborers, by direction of Martin, took a bed-plate of an engine, nine or ten feet long, about three and a half feet wide, and three inches thick, and weighing about 1,500 pounds, set it on edge, and rolled it under a hoisting apparatus, for the purpose of raising it to put a

truck under it. While they were holding it in that position Martin called away four of them, and then two, and left the plaintiff to hold it alone. It turned over on the plaintiff, and broke one bone of one of his legs, and otherwise injured him. This action is brought to recover damages for this injury. On the trial the plaintiff's testimony tended to show that at least four men were necessary to hold the bed-plate when Martin ordered the last two away; that it got the advantage of him so that he could not escape, and that he called for help, but no one came, and it fell upon him without his fault. The defendant's testimony tended to show that the sling for raising it had been put on, and it had been raised so that one could hold it safely when the men were called away, and that the plaintiff might have got out of the way when it came over, and was injured by his own fault. The defendant moved for a verdict on the ground that Martin and the plaintiff were fellow-servants, and that the defendant was not liable for anything done by Martin in the course of their employment. The court denied this motion, and charged the jury, in substance, that if Martin, by virtue of the authority to control the men conferred upon him by the defendant, directed them to leave the plaintiff in a dangerous position with reference to the bed-plate, where he could not control it, and they did so leave him, in obedience to his commands, and by means of their leaving him it came down upon him, and injured him, without his fault, the defendant would be liable for the injury, although not liable for anything Martin might have done as a workman at work with the plaintiff, as he and other workmen worked together. The case has now been heard on a motion for a new trial on account of the refusal to direct a verdict for the defendant, and on instruction that the defendant might be held liable for what was done by direction of Martin.

The decided cases bearing upon this subject have been thoroughly presented and discussed upon the argument of this motion, and particularly those made by the courts of the state of New York. There does not appear to be any statute of that state upon the subject, however, and this question is to be decided upon the principles of general law, as to which the decisions of the state courts are not controlling, although, of course, entitled to great weight. *Hough* v. *Railway Co.*, 100 U. S. 213. The decisions of the supreme court of the United States are, of course, absolutely controlling here, so far as they have gone. In *Railroad Co.* v. *Fort*, 17 Wall. 553, the defendant was held liable for the direction of a person in control of a boy, both in its employ, in sending him into a dangerous place, where he was hurt. In *Armour* v. *Hahn*, 111 U. S. 313, S. C. 4 Sup. Ct. Rep. 438, the plaintiff was injured while at work under direction of the defendant's foreman, in a dangerous place, but in consequence of the negligence of other workmen in the same employ, and not in consequence of any direction given by the foreman, and the defendant was not held liable. In *Railway Co.* v. *Ross*, 112 U. S. 377, S. C. 5 Sup.

Ct. Rep. 184, the conductor in control of the movements of a train negligently took it into a dangerous place, where the engineer was injured by its meeting another train which should have been avoided, and the railway company, the common employer of both, was held liable for this negligent act of the conductor.

From these cases it seems to appear that an employer is liable for a wrongful act done by an employe by virtue of an authority which the employer has conferred, even when done to another employe in the same employment.

It has been argued with much plausibility by the counsel for the defendant that the employer had discharged its duty by employing a competent foreman. But in those cases there was no evidence that the persons in authority were not generally competent to exercise it, and the cases do not at all appear to have been made to depend upon whether they were or not. Those intrusting authority to control others were held responsible for the manner of its exercise in each particular case; if it was abused, those conferring it were holden for the abuse. In this case, as was conceded, Martin was authorized by the defendant to direct and control the movements of the men. The exercise of this authority, as the jury have found, left the plaintiff in a dangerous place to his injury. In this exercise Martin represented the defendant, and not himself alone. It is here, again, likewise argued, that the liability of the defendant should be the same as if the men had left the plaintiff, in the situation in which he was, of their own accord, or as if Martin had been one of the workmen having hold of the bed-plate, and had let go too soon. But the men left in obedience to Martin's command, and not of their own accord, and Martin gave the command not as a workman, but as a superior, as the jury have also found. The plaintiff would have the right to expect that an adequate number of men would be provided for the safe handling of such a body. If they were not provided, he could refuse to proceed without them. He would also have the right to expect that their assistance would be continued until it could be safely dispensed with. It was taken away by authority from the defendant when it could not be done without danger to him, and when he had no choice by which he could protect himself. By the command of the superior, the boy, in *Railway Co.* v. *Fort*, was sent into danger without intelligent choice. By negligent control, the engineer was brought into danger without opportunity for choice, in *Railway Co.* v. *Ross*. The plaintiff was left in danger by command of the superior, without any chance to protect himself. The decisions in those cases appear to entitle the plaintiff, on the findings of the jury, to recover in this.

Motion overruled, stay vacated, and judgment on the verdict ordered.