' I. & G. N. RY. CO. V. JOHN FOLLIARD.

(Case No. 2036.)

1. COMMON CARRIER—BAGGAGE—When a passenger notifies the servants of a railway company of his wish that his baggage go with him, it is the duty of the company to take charge of it. The company is liable, as for a breach of that duty, if the passenger, having been directed by a servant of the company where to deposit his baggage, delivered it at the place designated, but, by mistake, to another than an employee of the company.

2. JURY—VERDICT—It is the peculiar province of the jury to decide issues of fact. Athough the evidence be conflicting, the verdict will not be disturbed if sufficiently supported.

3. CARRIER OF PASSENGERS—LIABILITY—A passenger upon a railway train was put off at one end of a trestle, and his gun, which was in the baggage car, at the other. After crossing to get the gun, and while returning with it, he slipped, fell and received personal injury. *Held :*

The railway company was liable for any injury to the passenger which was the probable and natural consequence of his being put off its train at one end of the trestle and his gun at the other; but not for injuries, such as the one received by plaintiff, resulting from dangers which a prudent man, with time to consider, would have avoided.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

This was an action by appellee to recover damages for personal injuries. The defendant plead a general denial; not guilty; that the defendant had discharged its every duty as a carrier of passengers to-

ward the plaintiff when it put him off in safety at Long Lake Station, and that no damage occurred to plaintiff while defendant owed him any obligation; that another carrier, to wit, an Express Company, and the plaintiff had an arrangement concerning the delivery of plaintiff's baggage at Long Lake Station, with which defendant had no connection, and for which defendant was not responsible; and that if any damage arose to the plaintiff, it arose from the business relations between the plaintiff and the Express Company; and it further answered that the plaintiff contributed to his own injury by his own negligence. The case was tried on April 28, 1886, and resulted in a verdict and judgment in favor of Folliard for $1,075.

The facts are stated in the opinion.

*Jno. Young Gooch*, for appellant, cited: Pierce on Railroads, 280, 281; Field on Damages, secs. 1, 3; Railway Company *v.* Smith, 52 Tex., 178; Railway Company *v.* Bracken, 59 Tex., 73; Railway Company, *v.* Gorbett, 49 Tex., 573; Railway Company *v.* LeGierse, 51 Tex., 189.

*Marsh Glenn* and *John J. Word*, for appellee, cited: Railway Company *v.* Spicker, 61 Tex., 428; Railway Company *v.* Dorsey, 6 Tex. Law Rev., No. 15, April 13, 1886; Railway Company *v.* McClanahan, 3 Tex. Law Rev., No. 20, May 30, 1884; 2 Thomp. on Neg., 1072-1088; Whart. on Neg., sec. 144; 1 Add. on Torts, 462; 2 Add. on Torts, 846, 1321; Thomp. on Car. of Pass., 519, 520, and authorities cited; *Id.*, 512, 520; Railway Company *v.* Gilbert, 64 Tex., 541; Railway Company *v.* Devainy, 63 Tex., 174; Whart. on Neg., sec. 379; Railway Company *v.* Gorbett, 49 Tex., 573; Railway Company *v.* Hassell, 62 Tex., 259, 260; Sher. & Red. on Neg., 282, 336, 338, 383, and notes; Thomp. Car. of Pass. 265, 267, 268, 107, 108, and note 4; Whart. on Neg., 377, 387; Railway Company *v.* Murphy, 46 Tex., 370; Thomp. on Car. of Pass., 226, 227.

Gaines, Associate Justice.—Appellee being a passenger on appellant's road, with his gun, going from Palestine to Long Lake, was carried past the latter station a short distance and put off on the trestle across the Trinity river near its east end and his gun put out on the embankment after the train had crossed to the west end. He walked across the trestle and got his gun, and in crossing back with it his foot slipped and he fell upon the cross-ties and received an injury for which he obtained a verdict and judgment in the court below. Appellee testified that, when he approached the train to take passage, he was met at the door of the passenger coach by a servant of the com-

pany and told that he could not take his gun into the coach, but must place it in the baggage car.   He went forward to the car next to the tender, which was the first he saw open, and, seeing a man in the car, delivered the gun to him to be carried to his destination, after paying the person twenty-five cents, which he demanded.   There was evidence tending to show that the man who received the gun was the agent of the express company.   Appellee testified, in effect, that he took him for the servant of the railroad company.

The court charged the jury in substance, that if appellee placed the gun in charge of the express company on the train, relying upon the railroad company to deliver it to him, and the latter's servants knew this, then the railroad company was bound to deliver the gun or allow time for its delivery at Long Lake; and refused a special instruction asked by appellant, to the effect that if appellee placed his gun in charge of the express company to be carried to his destination, then the express company was responsible for its safe delivery and appellant could not be held liable for an injury resulting from its being put off the train at an improper place.   The action of the court in reference to these charges is assigned as error; but we think the point raised by these assignments is not well taken.

It was the duty of the railroad company to take charge of defendant's gun upon their servants being apprised of his wish to have it carried with him, and if the company's servants neglected to do this, but directed him to place it with the baggage on the train, and if, in attempting to do this, he, by mistake, delivered it to the agent of the express company, we think appellant as much bound for its delivery as if it had been placed directly in charge of its own servants.   To hold otherwise would be to permit a carrier to neglect a duty imposed upon him by law, and thereby relieve himself of a responsibility which would have attached to him in case that duty had been performed.   No one should be allowed in this manner to take advantage of his own wrong.

It is also assigned as error that the verdict of the jury is contrary to the law and evidence, because the evidence showed that the train stopped at Long Lake a sufficient length of time for defendant to alight and get possession of his gun; that he failed to do this, and that his own negligence in this regard was the cause of his being put off on the trestle.   Upon the question whether the train stopped at the station or not, the evidence was decidedly conflicting.   It was the peculiar province of the jury to weigh the testimony and determine the question, and their verdict will not be disturbed in this court, in such case, where there is sufficient evidence to support the finding.

But the more serious question presents itself, whether under appellee's own testimony as to the causes which led immediately to the injury complained of, he has any right to recover of the company. He was put off the train in the day time and had ample opportunity to deliberate as to the course best for him to pursue under the circumstances. He crossed the trestle for his gun, and in going down the embankment got mud upon his feet. He testified, further, that by reason of this mud his foot slipped in crossing back and he fell upon the cross-ties and thus received the injury. It would seem that when his gun was put off, the conductor suggested that he could cross the trestle and get it. It is held that where a passenger is told to alight from a train by the conductor, and the passenger being suddenly put to his election whether he will be carried past his destination or alight from a car in motion, does alight and receives an injury, he is not necessarily guilty of contributory negligence. But the case before us presents no such sudden emergency. And even admitting, for the sake of the argument, that appellee was not negligent in crossing the trestle in the first instance, can it be said he exercised ordinary prudence in attempting to recross with muddy feet? He must have seen the danger and could have avoided it, and if he saw proper to take the chances of crossing in safety, the railroad company cannot be held responsible if he was injured in the attempt.

For any loss that occurred to him by reason of his being put off on one end of the trestle and his gun beyond the other end, the company was liable to him. Appellant is responsible for loss or damage to appellee, which was the probable and natural consequence of the neglect of its servants in the particulars complained of, but is not responsible for injuries resulting from damages which a prudent man, with time to consider, would have avoided.

Because of the error indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 22, 1886.]