## LOUIS & F. J. HILJE V. ROMAN HETTICH.

### No. 1079. Decided March 20, 1902.

**1.—Master and Servant—Complaint of Defects—Assumed Risk.**

A promise by the master, on complaint from the servant of insufficient lights in the oil mill where he worked, to remedy the defect, relieves the servant from assumption of the risk only while engaged within the scope of his employment with reference to which the promise was made; if he undertakes other duties, under special order of the foreman, and with knowledge of the want of sufficient light, he assumes the risk. (P. 325.)

**2.—Scope of Employment—Pleading—Charge.**

A charge basing liability on the fact that the servant, when injured, was performing, by direction of his foreman, a special duty not within the scope of his employment, was erroneous, where the petition alleged, not such special order, but an act within the scope of his general employment. (Pp. 324, 325.)

**3.—Promise to Repair Defect—Authority of Foreman—Charge.**

It was not error for the charge to assume that a foreman having general charge of a cotton seed oil mill was acting within his authority in promising, on complaint by an employe of insufficient lights, to remedy the defect. (P. 325.)

**4.—Complaint of Defects—Promise Not Kept—Assumption of Risk.**

The servant complaining of defects and receiving an assurance that they will be remedied, is relieved from the assumption of risk for a reasonable time thereafter for making the repairs, but not after such postponement as to indicate that the purpose to repair has been abandoned. See facts under which it was a question for the jury whether such time had elapsed after the promise that further continuance in the employment was an assumption of risk, and it was error to treat the servant's conduct as presenting merely a question of contributory negligence and not of assumed risk. (Pp. 325, 326.)

**5.—Negligence—Proximate and Remote Cause.**

See facts under which the insufficiency of lights in an oil mill was held not a proximate cause of injury to an employe, hurt by catching his hand in a revolving conveyor, the position and movement of which was known to him,— the defect having contributed to the accident only through causing him to choose a position near the dangerous machinery, by reason of lack of light elsewhere, as the place in which to work on a belt which he was repairing. (Pp. 326, 327.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Hettich sued the Hilljes to recover damages for personal injuries received while working in their employ, and recovered a judgment which was affirmed on their appeal, whereupon they obtained writ of error.

*Denman, Franklin & McGown,* for plaintiff in error.—There being no allegation in the pleading that plaintiff's foreman had instructed plaintiff to repair this particular belt, but the allegation being that plaintiff "had been previously instructed by the foreman of said oil mill to repair such belts as might break," the trial court erred in submitting to the jury in said section of its charge the issue as to whether the foreman directed the plaintiff to repair the belt that he attempted to repair.

The trial court erred in not granting defendants' motion for a new trial, because the verdict of the jury is contrary to the law and the evidence in this: The only issue of negligence submitted by the court to the jury was as to the insufficiency of the lights, and it clearly and conclusively appears from the evidence in this case that the defendants could not reasonably be expected to have anticipated that an accident to the plaintiff would occur in the manner testified to by him by reason of the insufficiency of the lights, if any. Railway v. Bigham, 90 Texas, 224; Railway v. Reed, 88 Texas, 448.

There being no evidence that the foreman had authority to employ and discharge plaintiff or those working under him, the trial court erred in said charge in assuming that the promise by the foreman to provide sufficient lights was the promise of the Hilljes so as to justify Hettich in relying upon such promise. Railway v. Brentford, 79 Texas, 624.

If the above proposition be not correct, then we say that the defendants pleaded contributory negligence and assumed risk; and plaintiff having attempted to avoid the same by setting up the promise of the defendants, through the foreman, to furnish lights, and there being no admission on the part of the defendants that any person as foreman had power to act for them in making the alleged promise to furnish better lights, the trial court erred in assuming in said charge that the promise of the foreman, if made, would be binding, as a matter of law, upon the defendants, but should have left to the jury the question of fact as to whether such foreman was a vice-principal, with authority to bind defendants by such promise.

Defendants having plead assumed risk, and the evidence showing that plaintiff knew of the alleged insufficiency of lights, the trial court erred in said charge in assuming that the promise of the foreman would for all time relieve plaintiff from the assumption of the risk, but should have instructed the jury that such promise could not relieve plaintiff from the assumption of the risk after a reasonable time had elapsed for the furnishing of such lights, and should have told the jury that after the lapse of such a reasonable time, with the lights still unfurnished, plaintiff's continuing in the service would hold him to an assumption of the risk from such want of lights. Railway v. Bringle, 91 Texas, 288.

· *James Routledge*, for defendant in error.—The trial court did not err in giving to the jury that part of its charge set out in paragraph No. 1, submitting to them the issue as to whether "the defendant's foreman directed the plaintiff to repair the belt that he attempted to repair," etc. Kinney v. Folkerts, 44 N. W. Rep., 152; Stearns v. Reidy, 25 N. E. Rep., 762; Railway v. Kuehn, 21 S. W. Rep., 59; Railway v. Williams, 62 Fed. Rep., 440; Mason v. Kleberg, 4 Texas, 85; Bracken v. Neill, 15 Texas, 115; Railway v. Turner, 2 S. W. Rep., 1010; Railway v. Anderson, 13 S. W. Rep., 198; Plantz v. McKean, 178 Pa. St., 601; Hoffman v. Gordon, 15 Ohio St., 211; Railway v. Whitcomb, 66 Fed. Rep., 915; Balsom v. Lewis, 11 S. E. Rep., 606; Greenl. on Ev., secs. 61, 63; Am. and

Eng. Enc. of Law, p. 53; Railway v. Gillum, 30 S. W. Rep., 697; Ashman v. Railway, 51 N. W. Rep., 645.

It being proven by appellant that the foreman had authority to emplay and discharge plaintiff, or those working under him, and full charge of the mill and everything, the trial court did not err in said charge in assuming, if he did so assume, that the promise of the foreman to provide sufficient lights would justify Hettich in relying upon such promise.

As the undisputed proof of appellants' own foreman, a witness in their behalf, established his unlimited agency and control of all matters pertaining to the operation of the mill and his right to employ and discharge men, the trial court did not err in assuming in its charge that the promise of the foreman, if made, would be binding as a matter of law upon defendant, and should not, therefore, have submitted such a question of law for a decision by the jury. And even though this were not the case, any error therein was waived by appellants' failure to request a special charge. Insurance Co. v. Rohrbough, 2 Willson C. C., 217; Railway v. Rountree, 2 Wilson C. C., 389; Strozier v. Lewey, 2 Willson C. C., 131; Merriman v. Fulton, 29 Texas, 106; Watkins v. Morley, 2 Willson C. C., 727.

Nothing could be made clearer than that the court did not assume in its charge that the promise of appellants' foreman to provide more light would relieve the plaintiff of all future risk. Indeed, from appellants' own statement in their brief, it clearly appears there is no ground for presuming that there was a lapse of an unreasonable time between the time of the promise and the time of the injury, there being but a lapse of "one day." The jury were instructed that they should find for defendants if plaintiff was negligent in continuing the work after said promise. If they wished a fuller charge on this they should have asked a special charge.

The trial court did not err in refusing to grant defendants' motion for a new trial, on the grounds that the verdict was contrary to the law and evidence in regard to the only issue of negligence submitted to the jury, being the insufficiency of lights; and as to the preponderance of the proof showing a sufficiency thereof, and as to whether such insufficiency was the proximate cause of the injury; and as to whether the defendants could have reasonably expected an accident from that source, as claimed in said assignment. Because there was ample proof establishing the fact that there was an insufficiency of light at the place where the plaintiff was required to attempt the repair of the broken belt, when injured. And also because there was ample evidence proving that the said insufficiency of lights was the proximate cause of such injury to plaintiff; and because the evidence clearly showed that said deficiency of lights was such as to impress any person of ordinary intelligence of the danger of working among the active machinery of the mill, without more. Sawyer v. Paper Co., 90 Me., 354; Railway v. Benford, 15 S. W. Rep., 561; Railway v. Donnelly, 8 S. W. Rep., 56;

Railway v. Drew, 59 Texas, 12; Thorp v. Railway, 2 S. W. Rep., 3; McCormick v. Burandt, 26 N. E. Rep., 588.

WILLIAMS, Associate Justice.—The defendant in error recovered a judgment in the District Court against plaintiffs in error for damages for a personal injury claimed by him to have been caused by their negligence, which judgment was affirmed by the Court of Civil Appeals. The cause is now before this court upon writ of error from the judgment of affirmance.

The case made by the pleadings of the plaintiff was that he was employed by defendants as a laborer to work in the seed house, which was connected with their cotton seed oil mill, one of his duties being to keep the hoppers filled with seed and another to repair belts by which the machinery in the seed house was run, if they broke; that the lights in the house were insufficient to enable him to perform his duties in safety; that he made complaint of the fact to the foreman in charge of the premises, and the latter promised to furnish sufficient lights; that thereafter one of the belts broke, and in attempting to repair it he was, on account of deficient light, hurt in the manner which will be stated further on. Other grounds for recovery were alleged which were not submitted in the trial court and which need not be stated.

The plaintiff testified to the facts alleged, as to the nature of his employment, and the work he was to perform, the deficiency of lights, the complaint to the foreman and his promise to supply more lights, and to his subsequent injury, received while repairing a broken belt, which he attributed to want of light. He also testified that when the belt broke he reported it to the foreman and the latter ordered him to repair it, a fact which he had not alleged. The foreman denied that a complaint had ever been made to him by plaintiff of any want of lights, or that he had promised to furnish others. He also denied, in effect, that it was any part of plaintiff's duty to repair belts, and that he had instructed him to repair the one in question.

The court charged the jury as follows: "If you believe from the evidence that the defendant's foreman directed the plaintiff to repair the belt that he attempted to repair, and if you further believe from the evidence that the light at the place where said belt was to be repaired was not reasonably sufficient to enable plaintiff to do the work he was directed to do by the foreman (if you believe he was directed) with reasonable safety, and if you further believe from the evidence that plaintiff had complained to defendant's foreman previous to said injury in regard to said insufficiency of light and that said foreman had promised him to provide sufficient light, and that plaintiff continued to work in reliance on said promise, and that said foreman had failed to provide reasonably sufficient light," etc.

We are of opinion that the assignment of error upon this instruction is well taken.

Under the petition, plaintiff's right to recover depended on proof of

the fact, among others, that, when the promise was made, it was a part of his duty to repair belts, for the promise would be only an undertaking to furnish light sufficient to protect him while doing such work as he was employed to do. It would have no reference to anything outside the scope of his employment. The jury could have found from the evidence that it was no part of his duty to repair the belt, and, had they done so, the plaintiff's case, as he alleged it, would have failed. The charge did not require the finding of this essential fact, but authorized the jury to supply its place by another not alleged, viz., an order from the foreman, at the time of the occurrence, to repair the particular belt. The charge was erroneous, not only in allowing a recovery upon facts not alleged, but in virtually requiring the jury to apply a previous promise to furnish light to the work of executing the particular order, given without such a promise, when the jury might have found that the previous undertaking was only to furnish light for the doing of another and less dangerous work. If the order was given to do work which it had not before been plaintiff's duty to do, it was given without any promise to furnish more light to aid him in doing it, and the plaintiff, at the time, knowing the condition of the lights and undertaking to repair the belt with such knowledge, assumed the risk, and would have failed, unless he could show right to recover upon some other theory. Railway v. Drew, 59 Texas, 13.

The court did not err in assuming, under the evidence, that the foreman had authority to undertake, for his employers, to furnish better lights.

Another objection made to the charge is that it involves the proposition that if a promise had been made to supply more. light, all question of assumption of risk by the servant was removed from the case, although it should appear, from lapse of time or otherwise, that before he received his injury, plaintiff should have known that the promise would not be fulfilled. The idea of the charge seems to be that after a promise, on the part of the master, to remedy a defect has been made, there can be no assumption of risk by the servant, but only contributory negligence would defeat his action for injuries sustained from the defective and dangerous condition which the master had promised to remove. We do not think this is true. The authorities which treat of the effect of such a promise to repair generally limit its operation, as preventing the conclusion that the servant has assumed the risk, to a reasonable time for the master to comply, and lay it down that, when it is or should be manifest to the servant that the defect will not be remedied, a further continuance in the service will be an assumption of the risk. Railway v. Bingle, 91 Texas, 287. This is only an application of the general principle that a servant who knows of a dangerous condition, brought about by the negligence of the master, assumes the risk of it if he continues in the employment. When he knows or ought to know that a promise to repair will not be performed and yet remains in the service, he can not be longer regarded as acting upon the promise. The failure to fulfill

the promise is negligence of the master, and the servant, knowing definitely that any purpose to perform it has been abandoned by the master, does not thereafter rely on it. The testimony of plaintiff was that he made his complaint to the foreman and received his promise three days before he was injured, and that the next evening he again mentioned the matter and the foreman told him he would fix the lights the next morning. The testimony on this point is a little obscure and leaves the impression that the witness may have meant that the last conversation was in the evening before he was hurt at night; but the jury could have found that it was on the day previous and that the lights were not improved the next morning, as promised. The seed room was lighted by electricity, and all that was necessary, according to plaintiff's evidence, was to put globes in some of the sockets which were empty and remove the dust from such as were in place, which could have been done in a very short time. It can not be said that these facts showed conclusively that there was no purpose to carry out the promise with respect to the lights; nor can it, we think, be said that the jury should have been virtually instructed that the promise removed all question of assumption of risk by the servant. The evidence was sufficient to make it proper for the court to submit to the jury the view of the law which we have just stated.

Another assignment of error is that the evidence did not warrant the recovery, because the condition of the lights was not the proximate cause of the injury, and we must hold that this is true. The evidence shows that in the seed room there was machinery, consisting of elevators, conveyors, shafting and pulleys, with leather belts, by which they were operated. The belt which plaintiff attempted to mend parted where its ends were laced or riveted together, and was to be mended by punching holes in the ends and fastening them together. This belt was around the pulleys and hung perpendicular to and some distance above the floor of the room. One of the conveyors, which was a screw or spiral for conveying seed from the mill building to the seed room, extended diagonally across the latter and ran about three feet distant from the belt and was kept revolving in a box or trough with sides and bottom, but no cover. Between the belt and conveyer was a platform about two feet wide and about twelve feet from the floor, and it was necessary to go upon this in order to reach the belt. Plaintiff went on it and pulled the end of the belt across to the conveyor and laid it upon a strip of wood nailed across the top of the box in order to punch holes in the belt, this, according to his evidence, being the only place available for the purpose where there was sufficient light. Holding a punch in his left hand and a claw-hammer in his right, he undertook to place the belt in position upon the strip, and the handle of the hammer, in some way, came in contact with the revolving screw, the claws of the hammer caught his hand, and before he could release his hold jerked it into the conveyor and injured it. He states that the want of light was the cause of the accident; that if there had been more light it would

not have happened, etc., but this is merely his opinion, not admissible upon the point, which must be decided from the facts of the occurrence, as he states them. He admits that he knew the screw was there, what it was, and how it operated, and that it would be. dangerous to have his hand caught by it. He knew that he was resting the belt upon the box containing this screw and just how it was situated. He selected this place because there he could see how to use his punch and hammer. It is evident, therefore, that more light would not have given him better knowledge than he had of those things which hurt him. He does not claim that he could not see the position of his hand and the handle of the hammer, or that he did not know the precise position of the moving screw. His contention that the want of light caused his injury has nothing to support it, unless it be the fact that it caused him to select this place, rather than another at which to do the work. If it be conceded that his own act, in choosing this place because of the dimness of the light at the other places, is a proximate result of the failure of the master to have the place better lighted, which is a very doubtful proposition, it is still true that he was hurt solely by getting his hammer caught in the screw, the position, operation and danger of which were just as well known to him as the most abundant light in the building could have made them. Under the facts, taken at their strongest in favor of the judgment, it is clear to our minds that an injury thus brought about was not such a consequence of the deficiency of light as the master could reasonably have foreseen, but was immediately caused by plaintiff's own intervening actions, which were sufficient to produce it and would have produced it had there been no such deficiency. Railway v. Folliard, 66 Texas, 603-6; Railway v. Chambers, 73 Texas, 296; Railway v. Bigham, 90 Texas, 223.

*Reversed and remanded.*