## ROMAN HETTICH v. L. J. & F. G. HILLJE.

### Decided November 25, 1903.

Master and Servant—Safe Appliances—Assumed Risk.

Evidence considered in an action by a servant for personal injuries and held, as against assumed risk on his part, not to establish such negligence of the master with reference to furnishing safe appliances and a safe place to work in as would warrant a recovery.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*James Routledge*, for appellant.

*C. W. Ogden* and *Denman, Franklin & McGown*, for appellee.

JAMES, CHIEF JUSTICE.—The case was once before tried and appealed, the issue upon which it was submitted having been that of insufficient light furnished by appellees for appellant to do the work of repairing a belt with safety, after a promise by appellees to have this matter remedied. There were other issues in the petition not submitted. The judgment was reversed and the cause remanded. Hillje v. Hettich, 95 Texas, 321. For an explanation of the general nature of the case we refer to that opinion.

At the recent trial plaintiff pleaded additionally, as he states it, that he was ordered to repair the belt, which work was outside of the course of his regular employment, and in which work he was inexperienced, and that while so doing the handle of the hammer he was using became caught in a conveyor with the result that the claws of the hammer caught his hand, drawing it into the conveyor, whereby that member was injured. Appellees state it thus: That he alleged that he was ignorant of the danger incident to the work he was ordered to do, and that appellees directed him to do the work without warning him of the dangers which were known to them.

The court, after hearing the evidence, directed the jury to find for the defendants.

We think a proper way of disposing of the appeal is to state the grounds of negligence alleged, and to consider separately the several assignments in which error is alleged. Plaintiff alleged that defendants were negligent in ordering plaintiff to repair the belt; in not warning plaintiff of the danger; in not instructing plaintiff; in not stopping the machinery; in not providing sufficient light; in not having the conveyor box upon which plaintiff undertook to do the work properly covered; in not providing plaintiff with a safe place to work; and in providing a claw hammer with which to do the work.

The second assignment is that the evidence showed that defendant was negligent in failing to provide plaintiff with a reasonably safe place to work, and that this was the proximate cause of his injury. If, as we shall

explain hereafter, the only danger that proved to be connected with repairing this belt was in doing it upon a strip just over and in close proximity to the revolving screw or spiral inside the uncovered conveyor box, and the evidence showing clearly that it was not necessary to do it there, but could have been done elsewhere without incurring that danger, and he himself selected such place at which to do it, for convenience, without any order or suggestion from his foreman, the issue of negligence in not providing safe premises was not in the case.

The third assignment is that there was negligence in not having the conveyor covered. If, as his evidence shows, plaintiff was aware of this fact that the conveyor box was open, and of the danger in working·as· he did with the hammer just above the revolving screw, and was not so acting under the pressure of a peremptory order from the foreman, he assumed the risk, and negligence, if any, in having the conveyor uncovered was immaterial.

The fifth assignment is that negligence appears in the fact that the claw hammer which defendants provided to do this work with was unsafe and unsuitable for the work, and in failing to furnish him with a reasonably safe hammer. In reference to this: He was not ordered to use the top of the conveyor for the purpose, and there is no testimony that it had ever been so used in his presence or otherwise. No danger whatever, at least not the danger which caused his injury, was incident to the work of punching holes in belts elsewhere than where plaintiff undertook to do the work. The hammer had been used by plaintiff before, and was ordinarily as safe as any other hammer for doing this character of work. At any other place it could have been used without danger from its peculiar construction, and was dangerous in this instance only by reason of its handle being allowed to be caught in the conveyor. We should probably assume that the foreman, on giving plaintiff the punch and telling him to repair the belt, meant for him to use this hammer, it being the one kept for use at the place where the work was to be done. But the foreman did not tell him to do the punching on top of the conveyor.

Plaintiff's testimony on final cross-examination, in explanation of his previous testimony on the subject, was that he did not mean to say that he could not have taken the belt to any other place, but that the top of the conveyor was the only convenient place for him to do the work. His testimony is that he could have done this work on the platform, or on the side of the conveyor, though not so conveniently. The hammer being suitable and safe for the work, and it being rendered unsafe, if at all, only by the act of plaintiff himself in using it where it could readily be caught in the machinery, the fact of negligence in furnishing this hammer did not appear.

The fourth, sixth and seventh assignments are founded upon the theory· that plaintiff was inexperienced in the work of repairing belts the size of this one. Plaintiff, as he testifies, was ordered to repair the belt, was handed a punch, and knew where to get the hammer. He knew the

manner of repairing it, having he says repaired smaller ones. The nature of the work, punching the holes and fastening the bands, did not of itself involve any danger whatever. Some of the work he was set to do was not dangerous. He knew the premises and the machinery. For five or six weeks he had worked there, oiling the machinery being a part of his duty. He had been told by his master about the dangerous nature of the conveyor, and independently of this warning, which he admits, he could not have been working about the place as he testifies he had been without being familiar with its surroundings, operations and obvious dangers. Under these circumstances the position could not be sustained that he was an inexperienced workman, in the sense that it was negligence on the part of his employers not to instruct him, nor warn him in such a way as to save him from exposure to the danger which brought about his injury. The danger was known to him, and in such a case the employe invariably assumes the risk of injury therefrom if he undertakes or continues to expose himself to it, unless in those exceptional cases where he acts by force of a peremptory order from the master, under circumstances not admitting of delay or reflection. No such state of facts exists in this record. The foreman was not present when this work was done. He had not even directed it to be done where it was done, and it clearly appears that plaintiff chose the place himself in preference to other places, where it might have been done safely.

The fact that this work of repairing belts was outside of his duties makes no difference, where it appears that there was no danger involved in the work itself. To this fact plaintiff testifies himself. The danger to which plaintiff became exposed was created by himself in selecting the particular place for doing it, when other and safe places were present and practicable for the purpose, though perhaps not so convenient. Inexperience in respect to such machinery or premises might be so extreme as to relieve a case like this from the features of contributory negligence or assumed risk, but plaintiff was a person of mature age (43 years), and knew and understood these premises and machinery, and particularly the danger of contact with the inside of this conveyor. In this connection we refer also to the eighth assignment, which alleges that it was negligence to order plaintiff to repair the belt in the midst of moving machinery, and in failing to stop same while plaintiff was doing the work. What has been said practically disposes of this contention. Plaintiff had not been ordered to work at a place where there was danger, and as it was, the only moving machinery that he became exposed to was the conveyor and he knew the screw was in motion.

The ninth assignment refers to the matter of insufficiency of light. This question is disposed of by the opinion of the Supreme Court in this case. The argument appellant makes in the brief is that plaintiff had complained about the light and the master had promised to remedy it. This point is not mentioned in the assignment, nor in any proposi-

tion. If it were, the testimony is not materially different from that stated in the opinion of the Supreme Court, and the condition of the light was there held not to be the proximate cause.

Where it is evident that the risk was one assumed by plaintiff, it would be idle to submit any issue of contributory negligence. Hence there is nothing in the tenth assignment. And further, for the same reason, the matters alleged in the eleventh and twelfth assignments are of no consequence in the case.

Mention is made in appellant's brief of the testimony that to do this work safely required the services of two men. It is probable that if plaintiff had had an assistant the misfortune would not have occurred. But still there was no danger involved in the work itself, when done by one man or more. The danger was, as already stated, in plaintiff attempting to do it close to the moving screw, and the conditions were such that he must have necessarily known that this was an exposure to danger, hence in doing this work alone at that place he must be held to have assumed the risk. In addition to this the point, if any, was not available to plaintiff, as he nowhere alleged negligence in not furnishing a sufficient number of men to do the work, and no assignment of error or proposition is presented on the subject.

What has been said disposes of the first assignment of error, in which the contention is made generally that the pleadings and evidence were such as entitled plaintiff to have the case submitted to the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.