E. C. RUMBLEY v. SOUTHERN RAILWAY COMPANY.

(Filed 17 November, 1910.)

**Negligence—Unskilled Employment—Nonsuit.**

Plaintiff, a carpenter, received the injury complained of while taking down an old shed for the defendant company which he and another had been directed to do. They had been engaged in this work several days when plaintiff was injured in knocking the rafters loose while standing on the joist of the shed, which latter gave way, causing him to fall to the ground to his injury. The work was simple in its performance, well within plaintiff's experience and training, and he was left to do it in his own way. *Held*, upon the facts in evidence no breach of defendant's duty was shown, and a motion to nonsuit should have been allowed.

APPEAL from *Lyon, J.,* at the May Term, 1910, of ALAMANCE.

Civil action to recover damages for physical injury caused by alleged negligence on the part of defendant company. In apt time there were motions of nonsuit, under the statute, overruled and defendant excepted. The jury rendered the following ver-dict:

1. Was the plaintiff injured by negligence of the defendant as alleged in the complaint? A. Yes.

RUMBLEY *v.* RAILWAY COMPANY.

2. Did the plaintiff contribute to his injury by his own negligence? A. No.

3. What damage, if any, is the plaintiff entitled to recover? A. $700.

Judgment on the verdict and defendant excepted and appealed.

*J. A. Barringer* for plaintiff.
*Parker & Parker* and *W. B. Rodman* for defendant.

HOKE, J. We fail to perceive any ground upon which this recovery can be sustained. The evidence tended to show that on 23 June, 1908, plaintiff and another carpenter were directed to tear down an old shed, near the Salisbury depot and had been engaged on the work several days, and on the day in question they were knocking the rafters loose and standing on one of the joists of the shed, which were placed horizontally beneath, at intervals of two or three feet. While plaintiff was standing on one of these joists, knocking loose the rafters above, it gave way and he fell to the ground, causing the injury complained of. The cause of the joist giving way is not very definitely described, but it seems to have been insecurely fastened at the ends. The work that plaintiff was given to do was simple in operation, well within his experience and training, and he was left to select his own methods of doing it. On the facts in evidence, there has been no breach of legal duty established on the part of defendant company and under several recent decisions of this Court, the motion for nonsuit should have been allowed. *House v. R. R.,* 152 N. C., p. 398; *Brookshire v. Electric Co.,* 152 N. C., p. 669; *Dunn v. R. R.,* 151 N. C., p. 313.

Reversed.