HATTAWAY v. PLANTERS' COTTON OIL CO. (No. 1734.)

(Court of Civil Appeals of Texas. Texarkana. March 1, 1917.)

1. MASTER AND SERVANT ⟂265(3)—INJURY TO SERVANT—BURDEN OF PROOF.

In an employé's action for injuries, the burden was on plaintiff to show not only that defendant was guilty of negligence, but that its negligence was the proximate cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 879, 897.]

2. APPEAL AND ERROR ⟂1068(3)—HARMLESS ERROR—INSTRUCTIONS.

Alleged errors in the giving and refusal of instructions in an employé's action for injuries were harmless, where it appeared that the court should have given a peremptory instruction for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4227; Trial, Cent. Dig. § 475.]

3. MASTER AND SERVANT ⟂276(3)—INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

Evidence, in an employé's action for injuries while using a pinch bar to remove flooring, *held*

to show that plaintiff's fall was due to the giving way of a piece of timber on which he stood, and not to any defect in the pinch bar.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 951, 959.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by J. L. Hattaway against the Planters' Cotton Oil Company. From judgment for defendant, plaintiff appeals. Affirmed.

Appellant was employed by appellee to assist in tearing down an old wooden building it had used in operating a cotton ginning plant. In tearing away planks forming the floor of a platform 6 or 8 feet high from 2 by 4 inch pieces of timber to which they had been nailed, appellant used a pinch bar while standing on one of the pieces of timber. Because it gave way he fell to the ground, which was covered with pieces of old planks he and those working with him had torn from the building and thrown there. In falling one of his feet struck and was pierced by a nail projecting from one of the pieces of plank. His suit against appellee was for damages for the injury to his foot caused by the nail piercing it. In his petition he alleged that the injury he suffered was due to negligence on the part of appellee, in that the pinch bar it furnished him was broken, and therefore so defective as to make it necessary, when otherwise it would not have been, for him to stand on the 2 by 4 inch piece of timber to which the flooring was nailed while tearing it away, and was further guilty of negligence in failing to remove the pieces of old planks from the place where they were under the platform. In response to special issues submitted to them the jury found: (1) That appellee furnished to appellant the pinch bar which he used in tearing away the flooring; (2) that appellant was "guilty of contributory negligence in the way and manner he used" the pinch bar; and (3) in reply to the question, "what amount, if paid now, would be reasonable compensation for plaintiff for his injuries, if any, caused by the negligence, if any, of the defendant?" answered, "Damage $200." The jury failed to answer questions propounded to them by the court as follows:

"Question No. 2. Was the defendant guilty of negligence in furnishing the plaintiff with the pinch bar that plaintiff was using, in the condition it was in at the time of the alleged injury? Answer 'Yes' or 'No.'

"Question No. 3. Was such negligence, if any, the proximate cause of the injuries complained of? Answer 'Yes' or 'No.'"

On the findings of the jury as stated the court rendered judgment that appellant take nothing by his suit against appellee, for which he prosecuted this appeal.

J. W. Donaldson, A. P. Bolding and A. L. McRae, all of Bonham, for appellant. Cunningham & McMahon, of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It devolved upon appellant to adduce testimony tending to show, not only that appellee was guilty of negligence, but that its negligence was the proximate cause of the injury he suffered. "Proximate cause" has been defined as "the direct cause, without which the injury would not have happened." Railway Co. v. Averill, 136 S. W. 98; Railway Co. v. Harton, 36 Tex. Civ. App. 475, 81 S. W. 1236; Hilji v. Hettich, 95 Tex. 321, 67 S. W. 90; Jones v. Walker County Lumber Co., 162 S. W. 420; Oil Co. v. Edgmon, 155 S. W. 1012; Railway Co. v. Smith, 133 S. W. 482. In the Harton Case the plaintiff claimed his injury was due to a defect in machinery he was assisting in installing in the defendant's shops. The court said:

"Before * * * the defect in the machinery, * * * could be considered the proximate cause of the injury, the evidence would have to show that such defect * * * was more than the mere occasion of the application of steam in order to expel the plunger. It would have to go further, and show that no injury would probably have resulted from the expulsion of the plunger by the use of the steam but for the * * * defect in the machinery."

[2] Consideration of the record has convinced us that there was no testimony on which to base a finding that the proximate cause of the injury to appellant was negligence on the part of appellee, and therefore that the court should have peremptorily instructed the jury to find in appellee's favor. This being true, as we think, if appellant was not in the attitude of having approved the action of the trial court in giving and refusing the instructions specified in the assignments in his brief numbered 1, 2, 3, 4, 5, and 8, respectively, because of his failure to object thereto as required by the statute (articles 1971, 2161, Vernon's Statutes; Palmer v. Logan, 189 S. W. 761), none of those assignments could be sustained. Nor, in that view of the record, is he entitled to have either of the other assignments in his brief (to wit, the one numbered 6, based on the action of the court in accepting the findings of the jury as their verdict when they had failed to find as to two of the issues submitted to them, and the one numbered 7, based on the refusal of the court to render judgment in his favor for $200 on the findings made by the jury) sustained. For, in that view, the judgment rendered was the only judgment which properly could have been rendered in the case.

[3] It appeared from appellant's testimony as a witness that he had used the pinch bar in question in tearing away the flooring of the platform and had removed about half of same at the time he fell. Had the pinch bar not been broken he could and would, he said, have stood on the part of the floor remaining while tearing away and removing the plank he was endeavoring to tear loose when he fell. It was because the pinch bar was broken, he said, that it became necessary for him in removing that plank to stand on the 2 by 4 inch piece of timber to which it was nailed. The piece of timber, he said,

gave way while he was standing on it engaged in an effort to tear loose the plank, causing him to fall.

It is plain from appellant's testimony referred to that the thing which caused him to fall was the giving way of the 2 by 4 inch piece of timber on which he stood, and that the defect in the pinch bar had nothing to do with it. Had the pinch bar been without a defect, and had he used it as he did the defective one, while standing as he did on the piece of timber, he would have fallen as he did when it gave way.

It was not pretended,. and could not be, that the giving way of the piece of timber, which was the proximate cause of the injury appellant suffered, was due to negligence on the part of appellee. 4 Thompson on Neg., § 3979; Rumbley v. Railway Co., 153 N. C. 457, 69 S. E. 416; Bunn v. Railway Co., 169 N. C. 648, 86 S. E. 503.

The judgment is affirmed.