### KING SMITH v. KITCHEN LUMBER COMPANY ET AL.

(Filed 28 May, 1930.)

**Master and Servant C c—In this case held: evidence of master's negligence in failing to provide proper assistants was sufficient to go to jury.**

It is the duty of the employer to provide his employee with reasonably safe means and methods of work such as proper assistants for performing his task, and where the evidence in an action by an employee to recover for an injury tends to show that the employee was engaged with another in moving logs with peaveys to a declivity to slide them down to the skidder, and that he had informed the foreman of the employer that he needed four or five helpers to do the work, which the employer failed to furnish, and that the employee while attempting to move a log with one helper was injured as a result of their not being able to hold the log, which rolled toward them, and that while attempting to dodge the log the employee's eye was put out by a limb: *Held,* the evidence was sufficient to be submitted to the jury, and defendant's motion as of nonsuit should have been denied.

APPEAL by plaintiff from *Moore, J.,* at January Term, 1930, of GRAHAM.

Civil action to recover damages for an alleged negligent injury caused by a limb striking plaintiff's left eye and putting it out, while engaged in ball-hooting logs for the defendant.

The record discloses that on 2 October, 1928, and for sixty days prior thereto, the plaintiff was in the employ of the defendant "nosing, bumping and ball-hooting logs," which means "rounding the ends, cutting off knots and limbs, and taking peaveys and handling the logs, moving them and getting them to the place where they will slide endways down the hill or mountain themselves."

During the morning of the day of the injury, plaintiff and one Ernie Hollifield had cut 18 or 20 logs, and trimmed them up ready for sliding down the mountain where the skidder could get them. That afternoon the foreman, Oliver Orr, directed the plaintiff and his helper, Ernie

SMITH *v.* LUMBER COMPANY.

Hollified, to ball-hoot the logs which they had cut that morning. Just before that time, the plaintiff had told the foreman that they needed four or five men to handle the logs, but he did not furnish any more. Also, they were using No. 9 peaveys, which were quite heavy and large, when No. 5 was the size in general and common use.

While thus engaged, plaintiff, with his single helper, tried to start a log, about 16 feet long and 24 inches in diameter, when the log, being too heavy for the two to handle, took the peaveys, slued around, rolled back, and as plaintiff was trying to get away from the danger of being hit by the log, it caught a limb which brushed his left eye, putting it out.

Plaintiff testified: "When the log slued around, it rolled back on us and took the peaveys from our hands. We were not men enough to hold the peaveys, and roll it into the route we had prepared for it, and when it took the peaveys from us and was rolling on us, I turned my head to dodge, and that limb caught me. It slued around from the route we had for it because we did not have help enough to hold it or turn it. Just before that time when Oliver Orr was helping me handle logs, I told him we should have four or five men to handle logs, but he did not furnish any more. The place at which we were working was rough, brushy, steep land, and rocky."

Judgment of nonsuit was entered on the theory that plaintiff and his helper were both experienced men, and that plaintiff necessarily assumed the risk of his injury, but plaintiff testified he had been working on this particular job only about sixty days. Plaintiff appeals, assigning error.

*Morphew & Morphew and A. Hall Johnston for plaintiff.*
*R. L. Phillips for defendants.*

STACY, C. J., after stating the case: Considering that it is as much the duty of the master to exercise care in providing the servant with reasonably safe means and methods of work, such as proper assistants for performing his task, as it is to furnish him a safe place and proper tools and appliances, we see no distinguishing difference in principle between the instant case and *Bradford v. English,* 190 N. C., 742, 130 S. E., 705, and *Pigford v. R. R.,* 160 N. C., 93, 75 S. E., 860. The judgment of nonsuit, therefore, entered herein, will be reversed on authority of these recent decisions.

Reversed.