Civil action to recover damages for an alleged negligent injury caused by a limb striking plaintiff's left eye and putting it out, while engaged in ball-hooting logs for the defendant.
The record discloses that on 2 October, 1928, and for sixty days prior thereto, the plaintiff was in the employ of the defendant "nosing, bumping and ball-hooting logs," which means "rounding the ends, cutting off knots and limbs, and taking peaveys and handling the logs, moving them and getting them to the place where they will slide endways down the hill or mountain themselves."
During the morning of the day of the injury, plaintiff and one Ernie Hollifield had cut 18 or 20 logs, and trimmed them up ready for sliding down the mountain where the skidder could get them. That afternoon the foreman, Oliver Orr, directed the plaintiff and his helper, Ernie *Page 737 
Hollifield, to ball-hoot the logs which they had cut that morning. Just before that time, the plaintiff had told the foreman that they needed four or five men to handle the logs, but he did not furnish any more. Also, they were using No. 9 peaveys, which were quite heavy and large, when No. 5 was the size in general and common use.
While thus engaged, plaintiff, with his single helper, tried to start a log, about 16 feet long and 24 inches in diameter, when the log, being too heavy for the two to handle, took the peaveys, slued around, rolled back, and as plaintiff was trying to get away from the danger of being hit by the log, it caught a limb which brushed his left eye, putting it out.
Plaintiff testified: "When the log slued around, it rolled back on us and took the peaveys from our hands. We were not men enough to hold the peaveys, and roll it into the route we had prepared for it, and when it took the peaveys from us and was rolling on us, I turned my head to dodge, and that limb caught me. It slued around from the route we had for it because we did not have help enough to hold it or turn it. Just before that time when Oliver Orr was helping me handle logs, I told him we should have four or five men to handle logs, but he did not furnish any more. The place at which we were working was rough, brushy, steep land, and rocky."
Judgment of nonsuit was entered on the theory that plaintiff and his helper were both experienced men, and that plaintiff necessarily assumed the risk of his injury, but plaintiff testified he had been working on this particular job only about sixty days. Plaintiff appeals, assigning error.
after stating the case: Considering that it is as much the duty of the master to exercise care in providing the servant with reasonably safe means and methods of work, such as proper assistants for performing his task, as it is to furnish him a safe place and proper tools and appliances, we see no distinguishing difference in principle between the instant case andBradford v. English, 190 N.C. 742, 130 S.E. 705, and Pigford v. R. R.,160 N.C. 93, 75 S.E. 860. The judgment of nonsuit, therefore, entered herein, will be reversed on authority of these recent decisions.
Reversed. *Page 738