A. J. ROE ET AL. v. L. L. THOMASON ET AL.

Decided January 19, 1901.

**Negligence—Intervening Proximate Cause—Injury to Employe.**

In an action for personal injuries there can be no recovery because of matters of negligence on defendant's part where an intervening act as to which defendant was not negligent was the proximate cause of the injury. See findings upon special issues, such as required a judgment for the defendant, and that related to a case where a miner, working at the bottom of a coal shaft upon a defective cage, was injured by reason of an accidental and untimely hoisting of the cage, as to which there was no negligence.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*Greene & Stewart,* for appellant.

*Haney & McKinsey* and *Albert Stevenson,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—The statement of the nature and result of this case is correctly and truly made by appellant's counsel, and also the grounds of recovery as set forth in the plaintiff's petition, and are as follows:

"This suit was instituted by L. L. Thomason, against appellants A. J. Roe, G. E. Bennett, Paul Waples, W. Burton, the American Coal Mining Company, and the Strawn Coal Mining Company, in the District Court of Palo Pinto County, August 29, 1898, to recover damages for alleged personal injuries received by him while working in a certain coal mine, alleged to have been operated by said defendants. It was afterwards removed by consent of parties to the District Court of Parker County.

"Said L. L. Thomason died before trial, and his widow, Mrs. L. C. Thomason, filed an amended petition making herself and minor children parties plaintiffs, she suing for them as next friend. The cause was submitted to the jury on special issues, and upon the answers of the jury thereto defendants moved for judgment in their favor, which motion was overruled by the court, and defendants excepted, and thereupon, on motion of plaintiffs, the court entered in their favor personal judgment against A. J. Roe, G. E. Bennett, Paul Waples, W. Burton, and the American Coal-Mining Company for $7600, and against the Strawn Coal-Mining Company decreeing said above judgment a lien on certain real estate of said latter company, and that the same be foreclosed and said real estate sold for payment of said judgment. From this judgment this appeal is taken.

"By the petition plaintiffs aver that A. J. Roe, G. E. Bennett, Paul Waples, W. Burton, and the American Coal Mining Company, were, on December 22, 1897, operating a coal mine at Mineral City, Palo Pinto County, Texas, being interested together therein; that on that day L. L. Thomason was in the employ of said company, and had been placed at the bottom of the mine shaft, where it was his duty to assist in shifting

empties and placing loaded cars on the cage preparatory to the same being hoisted to the surface; that while engaged in placing a loaded car on the cage, he being on the cage for that purpose, the said cage was, without fault on his part, and by the negligence of the defendants, suddenly hoisted, and he, said Thomason, caught between the cage and shaft timbers, and thereby received the injuries complained of.

"The petition further alleges, in substance, that the negligence of the defendants causing the injuries of said Thomason, consisted. (1) In that the engineer, who operated the engine at the top of the shaft by which the cage was hoisted, suddenly and without warning hoisted and jerked the cage up, and thereby caught and injured said Thomason. (2) In that the bottom timbers supporting the cage and the sheetiron surface surrounding it had been allowed to become decayed or misplaced, so that the loaded cars could not be placed thereon without help from some one on the cage to pull on and adjust the same. (3) In that the bottom of the cage and the platform were allowed to become wet and slippery, and the bottom of the shaft not sufficiently lighted. (4) In that the lever by which the signals was given to the engineer above was negligently placed so that employes in the performance of their duties at bottom of shaft were liable, without fault on their part, to give the signal for hoisting accidentally.

"The petition does not charge any connection whatever between the injuries received by said Thomason and the alleged condition of the timbers under cage and platform, as set out in item number 2, above, nor with alleged condition of the bottom of cage and platform as set out in item number 3, above, except that said conditions rendered it necessary for Thomason to be on the cage at the time he was hurt. The petition alleges that after the institution of this suit said L. L. Thomason died, and this his death was caused by the injuries received by him as aforesaid."

The answer contained a general denial and some special matters which it is not necessary to note. The case was submitted to the jury on seventeen special issues, but it will only be necessary to notice the following, with the findings of the jury thereon:

"3d Issue: If the said L. L. Thomason was hurt and injured while working for the said defendant, the American Coal Mining Company, was or was not such hurt and injury caused by the negligence of the defendant American Coal Mining Company or by its agents and employes?"

"To the 3d issue, we find that it was."

"4th Issue: Did or did not the engineer at the top of the shaft receive a signal to hoist the cage at the time L. L. Thomason was hurt?"

"To the 4th issue, we find that he did."

"5th Issue: Was or was not the signal to hoist the cage given from below by any employe of the company (if any was given at all) at the time the said Thomason was injured;. and if so, by what employe was the same given, and was the same given purposely or by accident?"

"To the 5th issue, we find no, unless by accident."

"5½ Issue: Was or was not the arrangement for signaling from the foot of the shaft to the engineer at the top, as it existed at the time Thomason was hurt, the same or different from that usually and customarily used in coal mining for that purpose?"

"5½ issue, we find it was the same."

"6th Issue: Did or did not the defendant, the American Coal Mining Company, furnish the said L. L. Thomason a reasonably safe place to work, and reasonably safe appliances with which to work; and if you find they did not, then did or did not said company use ordinary care to furnish said Thomason a reasonably safe place to work, and to furnish said Thomason safe appliances with which to work? And if said company failed to use such care, was the said Thomason hurt and injured by reason of such failure to so use such ordinary care?"

"To the 6th issue, we find they did not; and we find further that they did not furnish a reasonably safe place to work or safe appliances to work with, and such failure causing said Thomason to get hurt or injured."

"7th Issue: Was or was not the American Coal Mining Company guilty of negligence in hoisting the cage in which said Thomason was at work at the time of his injuries? And was or was not said company guilty of negligence in the manner and place in which it kept and maintained the signal wire and lever at the bottom of the shaft? And if so, did such negligence cause the injury to said Thomason, and without negligence on the part of the said Thomason that contributed to his injuries?"

"To the 7th issue, we find that it was not negligence in the hoist, nor was it negligence in the manner and place in which the wire and lever was kept at the bottom of the shaft, but find that the fault or negligence was in the construction of the cage bottom, or car track, or by allowing same to get out of repair, causing said car to hitch or get off of said track, thereby placing or causing to be placed the said Thomason in an unsafe place to work, and in a place where he might, by accident, have caused said signal to be given without negligence on the part of the said Thomason."

"8th Issue: Did or did not the said Thomason, at the time of the hurt, give a signal to hoist the cage, and if so was he guilty of negligence in so giving the same? And did such negligence contribute proximately to the injury of the said Thomason?"

"To the 8th issue, we find if the said signal was given by the said Thomason, it was given by accident on said Thomason's part, and not negligence."

"9th Issue: Did or did not the said Thomason, at the time he was hurt, attempt to leave the cage, and if so, was he guilty of negligence in so attempting to leave said cage at the time? And did or did not such negligence contribute proximately to the injury of the said Thomason?"

"To the 9th issue, we find that he attempted to leave the cage, but was not guilty of negligence on his part in doing so."

Upon these special findings the defendants moved the court to render judgment for them, which was overruled, and errors are assigned to the refusal of the court to grant said motion, and to the action of the court in rendering judgment for the plaintiffs on said verdict; it being contended by appellant's counsel that the proximate cause of the injury, both as alleged and proved, was the untimely hoisting of the cage, and that the jury had found no negligence in that; that the negligence of the defendants in allowing the car track and space around the bottom of the shaft to be out of repair was not the proximate cause of the injury, but only the occasion making it necessary for Thomason to go upon the cage to work, which was properly constructed and equipped and as safe with proper care on his part as such things can be made in a coal shaft.

We are of opinion that these assignments ought to be sustained, and that the District Court erred in refusing to render judgment in favor of the defendants upon the findings of the jury. The sudden and untimely hoisting of the cage was the proximate cause of the injury, and the jury found that the defendants were not guilty of negligence in that act. It matters not, then, how negligent they were or may have been in allowing the car tracks to rot and get out of repair, since such negligence caused no injury to the plaintiff. It is true that if the car track had been in good repair, and therefore on a level with the bottom of the cage, the necessity for Thomason to go onto the cage to pull it up might not have occurred; but he was not hurt by reason of this act. To illustrate: If he had gone upon the cage and took hold of the car as he did, and by reason of the defect in the track, the car had turned over upon him and injured him, then the defect in the track would seem to be the proximate cause of the injury, and if he was free from negligence, it would seem that he might recover on account of the impaired condition of the track. But here there was no injury caused by the condition of the track. If the cage had not been hoisted, he had not been injured; hence it is clear that an intervening cause, the hoisting of the cage, produced the injury, and the jury having found no negligence in that act, it becames, in law, one of those unfortunate accidents the risk of which is ordinarily incident to the employment and is assumed by the employe.

We therefore conclude that it is our duty to reverse the judgment appealed from and to render such judgment on the verdict as the District Court should have rendered, and that is, that the plaintiffs take nothing by their suit, and that the defendants go hence without day and recover all their costs in this behalf expended, both in this court and in the court below.

*Reversed and rendered.*