Chicago, Rock Island & Texas Railway Company v. Dan Jackson.

Decided October 14, 1905.

**1.—Negligence not Proximate Cause.**

A door to one of defendant's coal bins was out of repair. A fellow servant of plaintiff's tied it up with a rope, bringing the rope diagonally across a gangway. Plaintiff tripped over the rope at night and was injured. Held, that the negligence of defendant in failing to keep the bin door in repair was not the proximate cause of the accident.

**2.—Negligence of Fellow Servant.**

If the act of a fellow servant was the sole proximate cause of the injury, the defendant would not be liable whether said act was one of negligence or not.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appellant. —The charge was error, because, if the defendant was negligent in failing to keep the door of the bin in repair, this negligence was not the proximate cause of the accident; but the accident was proximately caused by the act of Davis and West, plaintiff's fellow servants, in fixing the rope across the gangway. Texas & Pac. Ry. Co. v. Bigham, 38 S. W. Rep., 162; Chicago, R. I. & G. Ry. Co. v. Harton, 81 S. W. Rep., 1236; Hilje v. Hettich, 67 S. W. Rep., 91; Roe v. Thomason, 61 S. W. Rep., 528; Brush Electric Co. v. Lefevre, 57 S. W. Rep., 640.

The employer does not owe to the employe a duty to exercise ordinary care to furnish the employe with safe means and appliances with which to work; but is held by the law to be under a duty to exercise ordinary care to furnish the employe with reasonably safe means and appliances. Galveston, H. & S. A. Ry. Co. v. English, 59 S. W. Rep., 626; Galveston, H. & S. A. Ry. Co. v. Gormley, 43 S. W. Rep., 877.

If the rope stretched across the gangway by West and Davis occasioned the plaintiff's fall, the defendant was entitled to a verdict,

regardless of whether or not the jury should find West and Davis were guilty of negligence in so stretching the rope there.

*R. E. Carswell,* for appellee.—The evidence raised the issue, as to whether or not the negligence of appellant in allowing the bin door to remain out of repair was a proximate cause of the injury to appellee, and it was not error to submit the same to the jury. Brush Electric Co. v. Lefevre, 57 S. W. Rep., 641-2; Clark & Loftus v. Pearce, 80 Texas, 151; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288.

STEPHENS, ASSOCIATE JUSTICE.—Appellee, while at work for appellant coaling cars at Bridgeport, Texas, was thrown to the ground from the coal chute by a rope that had been tied across the walk or gangway between the bins, receiving the injuries for which he recovered a verdict and judgment for two thousand dollars, from which this appeal is prosecuted. The accident occurred at night. Davis and West, his fellow servants, when they began work that night, found that the latch to bin No. 4 had been broken, and tied up the door with a rope, bringing it diagonally across the pathway between bins 3 and 4, and placing it under a water barrel standing on this pathway. Appellee, during the course of his work that night, not knowing that the door had been fastened in this manner, went from bin No. 8, where he was at work some thirty feet away, to this water barrel to get a drink of water, and as he went around the barrel, tripped over the rope and fell.

At appellee's request, the court gave the following special charge: "You are instructed that while the defendant would not be liable for an injury caused alone by the negligence of Lee Davis and Tom West, they being fellow servants, yet if you believe from the evidence that plaintiff's fall was caused by the negligence of defendants in failing to keep the door of the bin in repair, concurring with the negligence of Davis and West in fixing the rope across the gangway, defendant would be liable."

Undoubtedly this charge is subject to the objection urged against it, that the negligence of appellant in failing to keep the door of the bin in repair was not the proximate cause of the accident, and for this reason the judgment must be reversed.

The main ground of negligence relied on for recovery was the failure of the appellant to furnish appellee with a better light to work with, after the foreman's attention had been called to the inferiority of the lights and after he had promised to furnish better lights. The lights furnished were so bad, at least in the estimation of appellee, that he testified, "a man would pretty near have to strike a match to see whether they were lighted." This is offered as his excuse for not taking the light with him when he went for a drink of water. Possibly, therefore, it warranted the court in submitting the failure of appellant to furnish better lights as a cause of the injury, concurring with the act of Davis and West in tying the rope across the walk, which was certainly the main if not the sole, proximate cause.

The charge submitting as the cause of the accident the stretching of the rope across the gangway is subject to the objection that it also re-

quired the jury to find that act to be one of negligence on the part of West and Davis, whereas, if that was the sole proximate cause of the injury appellant would not be liable, irrespective of whether or not the act was one of negligence; but we do not reverse the judgment for this error because it seems to have been invited by a charge subject to a like objection requested by appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*