## MANSFIELD OIL MILL CO. v. EDGMON.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1913. Rehearing Denied April 9, 1913.)

MASTER AND SERVANT (§ 129*)—INJURY TO SERVANT — PROXIMATE CAUSE — FELLOW SERVANT.

The proximate cause of the injury to an employé, fireman of a stationary engine, was the negligent starting of it by the engineer, a fellow servant, before the fireman had time to get away, after turning the flywheel by hand, as a preliminary to starting; the defect in the engine, on account of which it had been stopped, being only the occasion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by J. M. Edgmon against the Mansfield Oil Mill Company. Judgment for plaintiff. Defendant appeals. Reversed and rendered.

Capps, Cantey, Hanger & Short, of Ft. Worth, for appellant. Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellee.

SPEER, J. J. M. Edgmon recovered a judgment in the sum of $1,500 against the Mansfield Oil Mill Company for personal injuries received by him while in the employ of that company. The defendant has appealed.

There were numerous grounds of negligence alleged, but the charge permitted a recovery upon the theory either that the defendant had failed to furnish plaintiff with a safe and suitable place to work or with safe and suitable machinery, tools, and appliances, or had failed to exercise ordinary care in the selection of its superintendent and engineer, the plaintiff being the fireman.

The verdict in no manner indicates the issue upon which the finding was made for the appellee, but in the view we take of the case this is immaterial, since we are of the opinion that the undisputed facts show the sole proximate cause of the appellee's injury was the act of the engineer, Machlin, in starting the engine when he did, and that Machlin and appellee were fellow servants. The evidence would justify a finding that appellant was guilty of negligence in permitting its engine to get out of repair. There was some trouble with the crank pin and the oiler which necessitated the stopping of the engine. The flywheel it seems stopped "on center," in which position the application of steam would not start the engine until the flywheel had been turned by personal force "off center," and it was while appellee and the foreman, Graves, were in the act of doing this that the engineer prematurely started the engine, throwing appellee to the floor and injuring him. Under these circumstances, the question of furnishing appellee a safe place to work was not an issue in the case, and the defect in the engine was not the proximate cause of the injury. At most, that was only the occasion for stopping the engine, and the act of the engineer in starting it before appellee had abandoned his position on the flywheel was the proximate cause of the injury. Roe v. Thomason, 25 Tex. Civ. App. 67, 61 S. W. 528; C., R. I. & T. Ry. Co. v. Harton, 36 Tex. Civ. App. 475, 81 S. W. 1236; C., R. I. & T. Ry. Co. v. Jackson, 40 Tex. Civ. App. 273, 89 S. W. 1117.

The facts immediately connected with the accident are practically undisputed, and are thus detailed by the witness Machlin: "I was running the engine, and Joe Edgmon was firing. On January 20th, when I came down to go to work, the night man told me he had been having some trouble with the crank pin. The oiler pin came loose, and he could not keep it tight. And right after I went on duty the oiler came loose, and we had to stop, and then it stopped, and then we had to stop a number of times—three or four or five times, probably—to tighten and readjust it. This last time when it stopped, while myself and Graves and Edgmon were pulling on it to start down—of course, we had to do this before—Edgmon was on the south side pulling down, with his feet, on the spokes of the wheel, with his arms up over the rim of the wheel, holding on the face of the wheel, holding to the rim, pulling down, and I was on top of the shaft, with my feet placed against a brick pillar that supported the engine shaft, pushing, and Graves was down right under me, and when we got the engine to where I thought she would start up, on the first quarter, I says, 'That will do, I think she will start there;' and I jumped off from where I was on the floor, and Graves stepped back, and went around to the throttle, and about the time I put my hand on the throttle I gave the steam and hollered 'Watch out!' about the same time, 'Watch out!' and just as the wheel moved I saw Edgmon go down. I shut her off. It was just a start and a stop." Machlin was no doubt a fellow servant with appellee; and, if his act in starting the engine as he did was negligence, appellee could not for that reason recover.

There is a suspicion, but it is no more than this, in the evidence, that the act of the superintendent Graves, appellant's vice principal, in hurrying the men, caused the engineer to start the engine sooner than he otherwise might have done. But there is nothing to indicate that the superintendent directed him to apply the steam, or that he even knew further than the engineer's statement above detailed notified him that he would start the engine when he did. Neither does the evidence raise the issue of negligence on the part of the appellant in the matter of employing or retaining its foreman, Graves, or the engineer Machlin. Under our conclusion that the undisputed evidence shows the act of appellee's fellow servant Machlin to have been the sole proximate cause of the injuries complained of, the judgment of the district court is reversed, and here rendered for appellant.